IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    **Plaintiff,**

    v.                                            CASE NO. 25-3091-JWL

JESSE HOWES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Although Plaintiff is currently in custody at the Larned State Correctional Facility in Larned, Kansas ("LSCF"), his claims are based on his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On June 27, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until July 28, 2025, in which to show good cause why some of his claims should not be dismissed, or to submit an amended complaint to cure the deficiencies. This matter is before the Court on Plaintiff's "Motion for Permission and or Further Instructions to File Amended Complaint Despite Grievance not being Returned at Level 1" (Doc. 8).

Plaintiff alleges that he is attempting to comply with the exhaustion requirement "that requires a prisoner to exhaust administrative remedies before filing a 1983 suit." (Doc. 8, at 1.) Plaintiff alleges that he filed an emergency grievance on March 22, 2025, that was later determined not to qualify as an emergency grievance. He claims that the emergency grievance was not returned to him until May 6, 2025, and he has not received any notice or updates as to the response to that grievance that was filed on May 9, 2025. *Id*. at 2. Plaintiff claims that his grievance was forwarded to LSCF, and then forwarded to LCF. *Id*. Plaintiff alleges that he is

being given "the run around" and his grievances are going unanswered and without a response. *Id.* Plaintiff attaches his receipt for a grievance filed on May 9, 2025, and directed to LCF. (Doc. 8–1, at 2.)

Plaintiff seeks permission to file an amended complaint because his attempts to exhaust his administrative remedies are being thwarted. (Doc. 8, at 3.) Plaintiff also seeks "further instructions." *Id.* A proposed amended complaint—which must be on a Court-approved form—must be attached to a motion to amend. *See* D. Kan. Rule 9.1(a)(3) ("civil rights complaints by prisoners under 42 U.S.C. § 1983 . . . must be on forms approved by the court"); D. Kan. Rule 15.1(a)(2) ("[a] party filing a motion to amend . . . must: . . . (2) attach the proposed pleading or other document. . ."). Plaintiff has not submitted a proposed amended complaint.

Plaintiff also seeks instructions from the Court on the procedures for exhausting his administrative remedies. The Court cannot give Plaintiff legal advice. However, the Court did note in the MOSC that it appears that Plaintiff did not fully exhaust his administrative remedies prior to filing this case on May 12, 2025. Plaintiff seems to acknowledge this in his motion, where he seeks instructions on how to finish exhausting. The MOSC also cited the Kansas regulations providing that if an inmate does not receive a response to a grievance, they "may move to the next stage of the grievance procedure if a timely response is not received at any step in the grievance process." Doc. 7, at 20 (citing K.A.R. 44-15-101b).

Plaintiff's motion seeks permission to file an amended complaint, but fails to include a proposed amended complaint. Furthermore, Plaintiff does not need permission to file an amended complaint, because the Court's MOSC grants him until July 28, 2025, in which to submit an amended complaint. Therefore, the Court denies Plaintiff's motion at Doc. 8.

Plaintiff should keep in mind the deficiencies noted in the MOSC when submitting an amended complaint by the Court's deadline. Plaintiff should also use the Court-approved form that was provided to him with the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's "Motion for Permission and or Further Instructions to File Amended Complaint Despite Grievance not being Returned at Level 1" (Doc. 8) is **denied.**

**IT IS SO ORDERED**.

Dated July 7, 2025, in Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE