Ryan Cheatham 96193
Name

Larned State Correctional
1318 KS Highway 264
Address
Larned KS 67550

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Ryan Christopher Cheatham, Plaintiff (Full Name)

v.

Officer Barton, Defendant(s)

CASE NO. 25-3091-JWL
(To be supplied by the Clerk)

AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A. JURISDICTION

1) Ryan Cheatham (Plaintiff), is a citizen of Kansas (State) who presently resides at Larned Correctional Facility 1318 KS Hwy 264. Larned KS 67550 (Mailing address or place of confinement.)

2) Defendant Officer Barton (Name of first defendant) is a citizen of (City unkown) Kansas (City, State), and is employed as Govt, Correctional officer (Position and title, if any). At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

Officer Barton is a Correctional officer. (Sort) for Lansing Correctional

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                1

3) Defendant **Haog** _(Name of second defendant)_ is a citizen of (**City unkown**) **Kansas**) _(City, state)_, and is employed as **Sort Correctional officer** _(Position and title, if any)_. At the time the claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

officer Haog is a Sort correctional officer for Lansing correctional

_(Use the additional pages to furnish the above information for additional defendants.)_

Defendant Lee, officer Lee, is a citizen of - city unknown, Kansas and employed as a Sargent at Lansing correctional

yes/ he was acting under state law.

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

---

## B. NATURE OF THE CASE

1) Briefly state the background of your case: On March 13, 2025 while at Lansing Correctional Facility, in cell house A4 cell 122 on 2·10 Shift between Hrs. 8:00pm - 9:30pm officer Barton and Haog snatched my right arm through the food slide after I stuck my arm out to be un-cuffed. These officers twist my right wrist to the point of breaking

2

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

Defendant #4.) Travis Getty. is a Citizen of (unknown) Kansas and is employed as Unit-team Manager at the Larned State Correctional Facility. At the time the Claims alleged in this Complaint arose was this defendant acting under the color of state law. [Yes] Travis Getty is the unit-team Manager for Larned correctional Facility.

Defendant #5.) Megan Davis. is a Citizen of (unknown) Kansas and is employed as ~~unit-team~~ Facility Managment CMII. At the time the claims alleged in this complaint arose was this defendant acting under the color of state law [Yes]. Megan Davis acts as the Secretary of Corrections Designee.

Defendant #6.) Classifications Byrum is a Citizen of (unknown) Kansas and is employed as the Classifications Manager, At Larned. At the time the claims alleged in this complaint arose was this defendant acting under the color of state law [Yes] Byrum is the Classification Manager for Larned correctional.

(1)

Defendant #7. Warden Easley. is a Citizen of (unknown). Kansas and is employed as the ~~Correctional~~ Warden for Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of state Law [Yes] Warden Easley is active warden.

Defendant #8. Correctional Officer Hopkins is a Citizen of (unknown). Kansas and is employed as the Warden for Larned Correctional Facility at the time the claims alleged in this complaint arose was this defendant acting under the color of state Law [Yes] Officer Hopkins is a Master Sergent and He is on Sort. for Larned Correctional.

Defendant #9.) Correctional Officer Ford is a Citizen of (unknown). Kansas and is employed as the Warden for Larned Correctional Facility at the time of claims alleged in this complaint arose was this defendant acting under the color of state Law [Yes]. Officer Ford is on Sort, and runs Maintenance Crew for Larned Correctional.

(2)

Defendant #10.) Officer Cobb is a citizen of (unknown) Kansas and is employed as a Correctional officer at Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of State Law [Yes]. Officer Cobb is a Correctional officer and was leading the Sort team on July 4 2025. Instructing when to release Chemicals (shoot).

Defendant #11.) Amy Simmons is a Citizen of (unknown) Kansas and is employed as a medical Director ~~Correctional officer~~ at Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of State [Law] [Yes] She is the Medical director for Larned Correctional.

Defendant #12. Disciplinary Supervisor East is a Citizen of (unknown) Kansas and is employed as a Disciplinary supervisor who hears hearings and who is on Sort for Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of State Law [Yes] He is on Sort team and is the Disciplinary Hearing Supervisor.

(8)

Defendant #13. officer Wyman is a citizen of (unknown) Kansas and is employed as the Master Sargent / Hearing officer at the Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of state law [Yes] officer Wyman is a Master Sargent / Hearing officer for the Larned Correctional Facility.

Defendant #14. Nurse Crain is a citizen of (unknown) Kansas and is employed as the Master Sargent / Hearing officer at the Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of state law [Yes] Nurse Crain is a nurse for Centurion and pass out medication at the Larned State Correctional Facility.

Defendant #15. Shawn porkorski is a citizen of (unknown) Kansas and is employed as the unit-team / sort officer at the Larned State Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of state law [Yes.] shawn porkorski is a unit-team / sort officer at the Larned state correctional Facility.

(4.)

Defendant #16. Thomas loomis is a citizen of (unknown) kansas and is employed as the Deputy warden at the Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of State law [Yes.] Thomas loomis is a Deputy warden for Larned State Correctional.

Defendant #17. EAI Corey is a citizen of (unknown) kansas and is employed as the EAI staff for Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of state Law [Yes] Corey is EAI for Larned Correctional Facility.

Defendant #18. Miranda Schmidt is a citizen of (unknown) kansas and is employed as the EAI Staff for Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of state Law [Yes] Miranda Schmidt is a EAI staff at Larned correctional Facility.

(5.)

Defendant #19. Captain Bieberle is a citizen of (unknown) Kansas and is employed as the ~~Deputy Warden~~ Captain at the Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of state law [Yes]. Captain Bieberle is a captain for Larned Correctional Facility.

Defendant #20. ~~Sergeant~~ Major Graham is a citizen of (unknown) Kansas and is employed as the Major for Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendants acting under the color of state law [Yes]. Major Graham is the ~~Sergeant~~ Major for Larned Correctional Facility.

Defendant #21 Jeff Zmuda, is a citizen of (unknown) Kansas and is employed as the Secretary for the Secretary of Corrections. At the time the claims alleged in this complaint arose was this defendant acting under the color of state law [Yes]. Jeff Zmuda is Secretary for Secretary of Corrections

(6)

Defendant #22. Mental Health Uing is a Citizen of (unknown) Kansas and is employed as the Mental Health provider during pass events at Lerned Correctional Facility. Was this defendant acting under the color of State Law [Yes] Mental Health Uing was MH provider during pass events for Larned Correctional.

(7.)

...pulled on the free cuff so hard that my forearm muscle (right) has split and or tworn, a deformity is present now. leaving two visible knots, and a imprint from the top of the food slide on my right arm. After begging to be seen (officer Lee) and submitt sick-calls, no one never came to see me, they transfered me back to Larned Correctional Facility. Larned Correctional staff officer heller took photo's of my swollen forearm with deformity. Doctor Ray who I seen once at Larned Correctional determined I had a injury, I'am now awaiting a MRI, to confirm Doctor Rays assesment. On the same above mentioned date officer Barton slams me against the wall for no reason. I would ask this court secure the footage from this date, also Inmate Tagger Lee was involved in the incident and can verify what these officers did that day to me, He was wrote a DR on this date, and Seen everything this use of force was unnecessary, as I was complying with being uncuffed.

On September 4, 2025, I Ryan Cheatham was placed on a manufactured Crisis level in Retaliation by administration for not providing a Urine Sample. I didn't refuse to provide a Urine Sample, I stated I would like a alternative test due to being uncomfortable around the two officers and not being able to urinate. I was Coherent, I was explaining my reason for alternative test requesting, yet Medical Director Amy Simmons received False information from Security Staff which she gave Authorization to place me on AMS Status. The Staff who provided False information, there names are unknown to Plaintiff at this time. Amy Simmons is a great provider I'm not seeking Monetary damages from her, I wish to only prove a set of Facts and prove my other claims against other defendants, However I will need to provide Ms Simmons and Ms Crain with interrogatories to "Cover the Facts in this Suit. While on AMS Status/Crisis level, from September 4. thru September 12 or 13th. I noticed that the infirmary cells had a cameras in the top right corner, which while being inside the cells there was a green light and red light indicating the cameras was on and functioning. I tryed to explain via informal Resolution to unit teams, and also to Amy Simmons who wasn't aware that there was active camera's inside infirmary cells. Nurse Crain and other Nurses

Went into the Infirmary cells and seen the cameras I was talking about unit-team Getty claims there wasn't no camera as well. I was stripped out of my cloths and humiliated and staff outside of medical such as Inmates and other staff knew of the events that took place in the Infirmary such as me writing on wall with feces. and spreading rumors about me allegedly being High on drugs, when there was never no actual proof of this, welding instructor Snodgrass stated I was High on drugs without any evidence of this allegation. please see Snodgrass form 9 Response dated from my form 9 of 9-18-24. there was a breach of confidentiality with active camera in infirmary as well as the inmate population knowing the events while I was in the Infirmary. This violates my Constitutional right to privacy and deprived me of Liberty without due process violating my fifth amendment right and was a cruel and unusual punishment violating the eighth amendment to U.S. Constitution. Major Graham is head of Larned Correctional Facility who knows the camera system where cameras are located, has access to video footage saved and incident reports written are within his knowledge. He also approves Use of Force procedures and actions. and has set on seg review for me and or has determined not to allow me to return to population due to alleged policy of mandatory year for battery on officer. on 10-30-2024. secretary of corrections remanded    10.

Re for Clarification

of Record For a battery on correctional officer Jones and for a use of stimulants Disciplinary report. There was never a record Established due to Me not raising My right hand For religeous beliefs and this request Not being apart of the Disciplinary process/ proceedings. Megan Davis remanded to establish if I made physical Contact with the reporting officer, and to establish if the Disciplinary Report Supports that,

How can a record be clarified that wasn't Established If I didn't get to participate in the DR proceeding. the Hearing was terminated and there was NO staff assistant ever present. at anytime in either Disciplinary Hearing.

(11)

this is a violation of my procedural due process rights. according to unit-team Getty, classification management group, Byrum, warden Easley, unit-team porkorski, deputy warden loomis, and the Secretary of Corrections (stated by UTM Getty) whether Jeff Zmuda, and or Megan Davis. A inmate that has a battery on a correctional officer has to remain in segregation for one year. I was never informed of such policy, and my rights to appeal was violated by following the appeal process and having to do 9 months without administration receiving a final action from Topeka (Megan Davis) until 7-25-25. All of my segregation review board appearences. Staff (UTM Getty) (Mental Health uing) Classifications, Mangment, Warden Easley EAI Corey and or Miranda Schmidt all upheld the decision to keep me in segregation for a year for battery on a correctional officer that wasn't final until 7-25-25. this was a violation of my procedural due-process rights. and a violation of my equal protection rights and a act of conspiracy to all agree by way of meeting with the minds, via seg review outcome

12

And agreement to continue to Hold me in Segregation for 9 months, knowing there was No final decision on My Appeal.

Also never informing myself or the inmate population of such policy + procedure on inmates battering Staff, violates procedural due process, by these defendants on Classification group / managment. it wasn't until plaintiff filed a 1501 in Pawnee County, which the judge provided a order requiring plaintiff to prove He exhausted his administrative Remedys, that plaintiff's rights were violated and Megan Davis Decided to finally up hold the decision of a un recorded record. and or un established record. On July 4th 2025, while on the Segregation yard at Larned Correctional Facility, while having my hands up, I was shot multiple times in the Back and Back of the head by officer Hopkins and officer Ford who was following orders to shoot from and by officer Cobb. I did not have no weapon in my hands or on my person and wasn't actively climbing no fence. there was over 100 shots this was a excessive use of force.    (10)(13)
Captain Bieberle approved this use of force and also set in on seg review boards and approved seg placement for 9 months.

Disciplinary Supervisor East was informed of my procedural due process rights being violated and no action was taking by him, instead He states on 12-12-24 that I couldn't grieve DR decisions And I wasn't trying to change the decisions, this is evidence ~~of conspire~~ that East also conspired to keep me in segregation for 9 months without final resolution of DR, and refusing to acknowledge the procedural due-process violation, as I didn't try to change any decison, but tryed to challenge the legality on how the decision was made without a record ever established and to point out it was Remanded by Megan Davis. this is also a equal protections violation.

## Damages Request

violating my right to privacy, constitutes cruel and unusual punishment deprivation of Liberty under Fifth amendment without due proc

For violating my equal protection rights my Procedural due process Rights, ~~scribbled~~ Both Excessive Use of Force, cruel and usual punishment, And comitting the act of conspiracy. See page 5 for continued Damage Request.

(14)

C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8.5" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Eighth Amendment violation prohibition against "cruel and unusual punishments, violating my privacy by way of camera, And disclosing medical Info to staff + Inmates

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

( See Attached paper )

B) (1) Count II: Deliberate indifference Eighth amendment violation unnecessary and wanton infliction of pain

(2) Supporting Facts: ( see Attached paper )

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                3

Violation of Procedural Due process under the 14th Amendment

C) (1) Count III: ~~Violation of the 14th Amendment~~

(2) Supporting Facts: (See Attached)

→ violation of fifth Amendment

⊙ Count IIII. ~~[scribbled]~~ depriving me of liberty without due process (See Attached.)

⊙ Count IIIII. violation of equal protection of laws.

⊙ Count 6. Conspiracy. (See Attached)

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

   Yes [X] No [ ]. If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:

   Plaintiffs: Cheatham

   Defendants: Depcke

   b) Name of court and docket number 22:3132

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Still pending.

   d) Issues raised Deliberate indifference

4

XE-2 8/82                                    CIVIL RIGHTS COMPLAINT §1983

e) Approximate date of filing lawsuit **June 2022**

f) Approximate date of disposition **Still pending**

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes [X] No [ ]. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

I filed a emergency grievance see attached, I believed the Incident required a emergency grievance, However, the grievance instructed another facility to deal with the matter, Larned staff Penny Rieda instructed me to file a paper grievance, I did so, and after a level 1 grievance, my grievance cannot be located no where, thus my attempt to exhaust have been thwarted. Please see (attached) titled administrative remedys continued.

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief (See other page as well)

For the excessive use of force / unnecessary use of force, I believe the individuals should be sued in ~~their~~ individual capacity's ~~and ordered~~ ~~apply~~ and for pain + emotional distress, and the violation of my eighth Amendment right 7 million dollars. in punitive damages

_____         _____
Signature of Attorney (if any)             Signature of Plaintiff

NOTARY PUBLIC - State of Kansas
JACOB L. GRAHAM
My Appt Expires 11-24-28

_____
(Attorney's full address and telephone number)

5

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983