96193

Ryan Cheatham
Name

Larned State Correctional

1318 KS Highway 264
Address
Larned KS 67550

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Ryan christopher
Cheatham , Plaintiff
(Full Name)

v.

Officer Barton , Defendant (s)

CASE NO. 25-3091-JWL
(To be supplied by the Clerk)

AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

### A. JURISDICTION

1) Ryan Cheatham , is a citizen of Kansas
(Plaintiff)                                    (State)

who presently resides at Larned Correctional Facility 1318 KS
Hwy 264. Larned KS 67550
(Mailing address or place of confinement.)

2) Defendant Officer Barton is a citizen of
(Name of first defendant)

(City unkown) Kansas , and is employed as
(City, State)

Sort, Correctional officer . At the time the
(Position and title, if any)

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes ☒ No ☐ . If your answer is "Yes", briefly explain:

Officer Barton is a Correctional
officer. (Sort) for Lansing Correctional

1

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983

3) Defendant _Haog_ _____ is a citizen of

( _City unkown_ ) _Kansas_ , and is employed as
       *(City, state)*

_Sort Correctional officer_ . At the time the
       *(Position and title, if any)*

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes [X] No [ ] . If your answer is "Yes", briefly explain:

_Officer Haog is a Sort Correctional_
_officer for Lansing correctional_

(Use the additional pages to furnish the above information for additional defendants.)

_Defendant Lee, officer Lee, is a citizen of - city_
_unknown, Kansas and employed as a Sargent at Lansing correctional_

_Yes he was_ 4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to
_acting_
_under state_     assert jurisdiction under different or additional statutes, you may list them below.)
_Law._

_____

_____

## B. NATURE OF THE CASE

1) Briefly state the background of your case: _On March 13, 2025_
_while at Lansing correctional Facility,_
_in cell house A4 cell 122 on 2-10_
_shift between Hrs. 8:00pm - 9:30 pm_
_officer Barton and Haog snatched_
_my right arm through the food slide_
_after I stuck my arm out to be_
_un-cuffed. These officers twist my_
_right wrist to the point of breaking_

2

Defendant #4.) Travis Getty. is a citizen of (unknown) Kansas and is employed as Unit-team Manager at the Larned state Correctional Facility. At the time the claims alleged in this Complaint arose was this defendant acting under the color of state Law. Yes Travis Getty is the unit-team Manager for Larned Correctional Facility.

Defendant # 5.) Megan Davis. is a citizen of (unknown) Kansas and is employed as ~~unit. team~~ Facility Managment CMII. At the time the claims alleged in this Complaint arose was this defendant acting under the color of State law Yes. Megan Davis acts as the Secretary of Corrections Designee.

Defendant # 6.) Classifications Byrum is a Citizen of (unknown) Kansas and is employed as the Classifications Manager, At Larned. At the time the claims alleged in this Complaint arose was this defendant acting under the color of State law Yes Byrum is the Classification Manager for Larned Correctional.

(1)

Defendant # 7. Warden Easley. is a Citizen of (unknown). kansas and is employed as the ~~Classification~~ Warden for Larned Correctional Facility. At the time the Claims alleged in this Complaint arose was this defendant acting under the color of state Law [Yes.] Warden Easley is active Warden.

Defendant # 8. Correctional Officer Hopkins is a Citizen of (unknown). kansas and is employed as the Warden for Larned Correctional Facility at the time the Claims alleged in this Complaint arose was this defendant acting under the color of State Law [Yes] Officer Hopkins is a Master Sergent and He is on Sort. for Larned Correctional.

Defendant #9.) Correctional Officer Ford is a Citizen of (unknown). kansas and is employed as the Warden for Larned Correctional Facility at the time of Claims alleged in this Complaint arose was this defendant acting under the color of State Law [Yes]. Officer Ford is on Sort, and runs Maintenance Crew for Larned Correctional.

(2)

Defendant # 10.) officer Cobb. is a Citizen
of (unknown) kansas and is employed as
a Correctional officer at Larned Correctional Facility.
At the time the Claims alleged in this complaint
arose was this defendant acting under the color of
State Law [Yes.] officer Cobb is a Correctional officer
and was leading the Sort team on July 4 2025.
instructing when to release Chemicals (Shoot).

Defendant # 11.) Amy Simmons is a Citizen
of (unknown) kansas and is employed as a
medical Director correctional officer at Larned Correctional Facility
At the time the Claims alleged in this Complaint
arose was this defendant acting under the color of
State [Law] [Yes] She is the Medical director for
Larned Correctional.

Defendant # 12. Disciplinary Supervisor East
is a Citizen of (unknown) kansas and is employed
as a Disciplinary Supervisor who hears hearings and
who is on Sort. for Larned Correctional. Facility
At the time the claims alleged in this Complaint
a rose was this defendant acting under the color of
State Law [Yes] He is on Sort team and is the
Disciplinary Hearing Supervisor.

(3)

Defendant # 13. officer Wyman. is a Citizen of (unknown) Kansas and is employed as the Master Sargent / Hearing officer at the Larned Correctional Facility. At the time the Claims alleged in this Complaint arose was this defendant acting under the Color of state Law [Yes] officer Wyman is a Master Sargent / Hearing officer for the Larned Correctional Facility.

Defendant #14. Nurse Crain is a Citizen of (Unknown) kansas and is employed as the Master Sargent / Hearing officer at the Larned Correctional Facility. At the time the Claims alleged in this complaint arose was this defendant acting under the color of State Law [Yes] Nurse Crain is a nurse for Centerion and pass out medication at the Larned State Correctional Facility.

Defendant # 15. Shawn porkorski is a Citizen ~~unit-team~~ of (unknown) kansas and is employed as the unit-team / sort officer at the Larned State Correctional Facility. At the time the Claims alleged in this complaint arose was this defendant acting under the color of state Law [Yes.] shawn porkorski is a unit-team / sort officer at the Larned State Correctional Facility.

(4.)

Defendant #16. Thomas loomis is a citizen of (unknown) kansas and is employed as the Deputy Warden at the Larned Correctional Facility. At the time the Claims alleged in this Complaint arose was this defendant acting under the color of State law [Yes.] Thomas loomis is a [crossed out] Deputy Warden For Larned State Correctional.

Defendant #17. EAI Corey is a citizen of (unknown) kansas and is employed as the EAI staff for Larned Correctional facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of State Law [Yes] Corey is EAI for Larned Correctional Facility.

Defendant #18. Miranda Schmidt is a citizen of (unknown) kansas and is employed as the EAI Staff for Larned Correctional Facility. At the time the claims alleged in this complaint arose was this defendant acting under the color of state Law [YeS] Miranda Schmidt is a EAI StaFP. at Larned correctional Facility.

(5.)

Defendant # 19. Captain Bieberle is a Citizen of (unknown) kansas and is employed as the ~~deputy warden~~ Captain at the Larned Correctional facility. At the time the Claims alleged in this Complaint arose was this defendant acting under the color of State Law [Yes] Captain Bieberle is a captain for Larned Correctional Facility.

Defendant # 20. ~~Magyar~~ Major Graham is a Citizen of (unknown) kansas and is employed as the Mayjor for Larned Correctional Facility. At the time the Claims alleged in this Complaint arose was this defendents acting under the color of State Law [Yes]. ~~Magyar~~ Major Graham is the ~~Magyar~~ Major for Larned Correctional Facility.

Defendant # 21 Jeff Zmuda, is a citizen of (unknown) kansas and is employed as the Secretary for the Secretary of Corrections. At the time the Claims alleged in this Complaint arose was this defendant acting under the color of state Law [Yes] Jeff Zmuda (6) is secretary for Secretary of Corrections

Defendant #22. Mental Health Uing is a Citizen of (unknown) kansas and is employed as the Mental Health provider during pass events at Lerned Correctional Facility. was this defendant acting under the color of State Law [Yes] Mental Health Uing was MH provider during pass events for Larned Correctional.

(7.)

and pulled on the free cuff so hard that my forearm muscle (right) has split and or tworn, a deformity is present now. leaving two visible knots, and a imprint from the top of the food slide on My right arm. After begging to be seen (officer Lee) and submitting sick calls, no one Never came to see me, they transfered me back to Larned correctional Facility. Larned correctional staff officer heller took photo's of My swollen forearm with Deformity. Doctor Ray who I seen once at Larned correctional determined I had a injury, I'am now awaiting a MRI, to confirm Doctor Rays assesment. on the same aboved mentioned date officer Barton slams me against the wall for no reason. I would ask this court Secure the Footage from this date, also Inmate Tagger Lee was involved in the incident and can verify what these officers did that day to me, He was wrote a DR on this date, and Seen everything this use of Force was unnecessary, as I was complying with being uncuffed.

On September 4. 2025. I Ryan Cheatham was placed on a manufactured Crisis level in Retaliation by administration for not providing a Urine Sample. I didn't refuse to provide a urine Sample, I Stated I would like a alternative test due to being uncomfortable around the two officers and not being able to urinate. I was Coherent, I was explaining My reason For alternative test requesting, yet Medical Director Amy Simmons received False information from Security Staff which she gave Authorization to place me on AMS Status. the staff who provided False information, there names are unknown to Plaintiff at this time. Amy simmons is a great provider I am not Seeking Monetary damages from her, I wish to only prove a set of Facts and prove My other claims against other defendants, However I will need to provide MS Simmons and MS Crain with interrogatories to "Conver the Facts in this Suit. While on Ams Status / crisis level. from September 4. thru September 12 or 13th. I noticed that the Infirmary cells had a Camera in the top right Corner, which while being inside the cells there was a green light and red light indicating the Camera's was on and functioning. I tryed to explain via informal Resolution to Unit-teams. And also to Amy simmons who wasn't aware that there was active Camera's inside infirmary cells. Nurse Crain and other Nurses

(⊛)
(9)

Went into the Infirmary Cells and Seen the Cameras I was talking about Unit-team Getty claims there wasn't No Camera as well. I was stripped out of my cloths and humiliated and staff Outside of medical such as inmates and Other staff knew of the events that took place in the Infirmary such as me writing on wall with Feces. and spreading rumors about Me allegedly being High on drugs, when there was Never no actual proof of this, welding instructor Snodgrass stated I was High on drugs without any evidence of this allegation. Please See Snodgrass form 9 Response dated from my form 9 of 9-18-24. there was a breach of Confidentiality with active camera in infirmary as well as the inmate population knowing the events while I was in the Infirmary. This violates my Constitutional right to privacy and deprived Me of Liberty without due process violating my fifth amendment right and was a cruel and Unusual punishment violating the Eighth amendment to U.S. Constitution. Major Graham is head of Larned Correctional Facility who knows the Camera system where cameras are located, has access to video footage saved and incident reports written are within his Knowledge. He also approves use of Force procedures and actions. and has set on Seg review for Me and or has determined not to allow me to return to population due to alleged policy of Mandatory year for battery on officer. On 10-30-2024. Secretary of corrections remanded   10.

Re For Clarification

of Record For a battery on correctional officer Jones and for a use of Stimulants Disciplinary report. There was never a record Established due to Me not raising My right hand For religeous beliefs and this request Not being apart of the Disciplinary process proceedings. Megan Davis remanded to Establish if I Made physical Contact with the reporting officer, and to establish if the Disciplinary Report Supports that,

How can a record be clarified that wasn't Established If I didn't get to participate in the DR proceeding. the Hearing was terminated and there was No Staff assistant ever present. at anytime in either Disciplinary Hearing .

(11)

this is a violation of my procedural due process rights. according to unit-team Getty, classification management group, Byrum, unit-team porkorski warden Easley, deputy warden loomis, and the secretary of corrections (stated by UTM Getty) whether Jeff ~~Zmuda~~ Zmuda, and or Megan Davis. A inmate that has a battery on a Correctional officer has to remain in segregation for one year. I was never informed of such policy, and my rights to appeal was violated by following the appeal process and having to do 9 months without administration receiving a final Action from Topeka (Megan Davis) until 7-25-25. All of my segregation Review board appearences. Staff (UTM Getty) (Mental Health Wing) classifications, Managment, warden Easley EAI Corey and or Miranda Schmidt all upheld the decision to keep me in segregation for a year for battery on a Correctional officer that wasn't final until 7-25-25. ~~per policy~~

this was a violation of my procedural due-process rights. and a violation of my equal protection rights and a act of conspiracy to all agree by way of meeting with the minds, via Seg review outcome

12

And agreement to continue to Hold Me in Segregation for 9 months, knowing there was No final decision on My Appeal. Also never informing Myself or the inmate population of such policy & procedure on inmates battering Staff, Violates procedural due process, by these defendants on Classification group / managment. it wasn't until plaintiff filed a 1501 in Pawnee county, which the Judge provided a order requiring plaintiff to prove He exhausted his administrative Remedys, that plaintiff's rights were violated and Megan Davis Decided to finally up hold the decision of a un recorded record. and/or un established record. On July 4th 2025, while on the Segregation yard at Larned Correctional Facility, While having My hands UP, I was shot multiple times in the Back And Back of the head by officer Hopkins and officer Ford who was following orders to shoot from and by officer Cobb. I did not have No weapon in My hands or on My person and wasn't actively Climbing No fence. there was over 100 shots this was a excessive use of force. (✗)(13)

Captain Bieberle approved this use of force and also set in on seg review boards and approved seg placement for 9 months.

Disciplinary Supervisor East was Informed of
My procedural Due process rights being Violated
and No action was taking by Him, instead
He states on 12-12-24 that I couldnt grieve
DR decisions And I wasn't trying to change
the decisions, this is evidence ~~os~~ ~~Conspire~~ that
East also conspired to keep Me in Segregation
For 9 months without final resolution of DR.
and refusing to acknowledge the procedural
due-process Violation, as I didn't try to change
any decison, but tryed to Challenge the legality
on how the decision was made without
a record ever established and to point out it
was Remanded by Megan Davis. this is also
a equal protections Violation.

---

(    Damages Request    )    Violating my right to
                             privacy, constitutes cruel
                             and unusual punishment
For violating My equal protection rights    deprivation of Liberty under fifth amendment
                                            without due process
My Procedural due process Rights, ~~xxxxxxx~~ ~~xxxxxx~~
Both Excessive Use of Force. Cruel and usual
punishMent, And Comitting the act of
Conspiracy. See page 5 for
Continued Damage Request.                    (~~xx~~.) (14)

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been

   violated and that the following facts form the basis for my allegations: (If necessary you

   may attach up to two additional pages (8.5" x 11") to explain any allegation or to list

   additional supporting facts.)

   A) (1) Count I: Eighth Amendment Violation prohibition against "cruel and unusual punishments, violating my privacy by way of camera, And disclosing medical Info to staff + Inmates.

   (2) Supporting Facts: (Include all facts you consider important, including names of

   persons involved, places and dates. Describe exactly how each defendant is involved.

   State the facts clearly in your own words without citing legal authority or argument.):

   See Attached paper

   B) (1) Count II: Deliberate indifference Eighth Amendment violation unnecessary and wanton infliction of pain

   (2) Supporting Facts: see Attached paper

3

Violation of Procedural Due process
under the 14th Amendment

C) (1) Count III: Violation of the 14th Amendment

(2) Supporting Facts: (See Attached)

→ violation of fifth Amendment

Ⓞ Count III. depriving me of liberty without due process (See Attached.)

Ⓞ Count IV. violation of equal protection of laws.

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

Ⓞ Count 6. Conspiracy. ) (See Attached )

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☒ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a)   Parties to previous lawsuit:

        Plaintiffs: Cheatham

        Defendants: DeDeke

   b)   Name of court and docket number 22:3132

   c)   Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) Still pending.

   d)   Issues raised Deliberate indifference

4

XE-2 8/82            CIVIL RIGHTS COMPLAINT §1983

# Administrative Remedies Continued (page 1)

All administrative Remedys Exhausted
are Attached. Plaintiff's Attempts to
Exhaust his Administrative Remedies
Concerning Both use of Force incidents
have ended in "Deadends". The July 4th
incident at Larned Correctional Major Graham
stated was upheld as being Justified by the
Facility and Topeka (secretary of Corrections)
My Father contacted the Secretary of Corrections and
they told him Nothing Never Happened at Larned
on July 4th 2025). Plaintiff ask this court in a
Motion to alter or Amend regarding July 16, 2025
ruling, that Administration was tactically delaying all
Responses to plaintiff's Grievances and Requested that
the Courts order Clerk to Contact Secretary of Corrections
And Have them forward there responses concerning
use of Force, March 13, 2025 incident and July 4th
2025 incident. plaintiff also Contacted governor
kelly who Forwarded my issues concerning
March 13, 2025 incident and Megan Davis, or
I believe Lansing Facility Manager Responded and
stated there was No reports of incident on this date.
Governor kelly has her response, She was the
Facilitys Secretary designee. All Attempts to
Exhaust has served as deadends. see Ross v.
Blake, 578 U.S. 632

Administrative Remedies continued (page 2)

An administrative procedure is unavailable when
(despite what regulations or guidance materials
may promise) it operates as a simple dead end
— with prison officers unable or consistently unwilling
to provide any relief to aggrieved inmates.

If the Secretary of Corrections stated
that the use of force was upheld on July 4th, 2025
(Major Graham) and to my father No event happened
And concerning March 13. 2025, the Designee
who gov. kelly contacted stated No incident was
documented yet. (It was reported issues of
officer trying to close food port) this Designee for
Secretary of Corrections didn't intervene. (see gov.
kelly & correspondence,) this shows that the
administrative officials have apparent authority
to provide relief yet decline to exercise
Exercise it. which serves as a Dead end )
Ross v. Blake "Id at 736, 121 S. ct. 1819, 149
L. Ed. 2d 958, plaintiff also Requested that
the courts contact Secretary of Corrections for
Fast track response due to them having 20 days to
respond and to allow my time to run out to file
Amended complaint, is a manifest injustice, especially
when its a Dead End Anyway. with topeka.

e) Approximate date of filing lawsuit _June 2022_

f) Approximate date of disposition _Still pending_

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes [X] No [ ]. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

_I filed a emergency grievance see Attached, I believed the incident required a emergency grievance, However, the grievance instructed another facility to deal with the matter Carned Staff Penny Rieda Instructed me to file a paper grievance, I did so, and after a level 1 grievance, my grievance cannot be located no where, thus my attempt to exhaust have been thwarted. please see attached tifled Administrative remedys continued._

2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief (see other page as well)

_For the excessive use of Force / unneccessary use of Force, I believe the individuals should be sued in ~~their~~ individual capacitys ~~and~~ ~~~~ ~~~~) and for Pain + Emotional distress, and the violation of my eighth Amendment right 7 million dollars. in punitive damages_

_____     _____
Signature of Attorney (if any)        Signature of Plaintiff

_____

_____

NOTARY PUBLIC - State of Kansas
JACOB L. GRAHAM
My Appt Expires 11-24-28

(Attorney's full address and telephone number)

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

5

*Exhibit Remand & Upheld*

Attachment B, IMPP 11-119
Effective: 12-11-13

## KANSAS DEPARTMENT OF CORRECTIONS

### DISCIPLINARY APPEAL TO THE SECRETARY
### CLASS I & II

| Inmate Name: Ryan Cheatham | No: 96193 | Case No: 24-0827 |
|---|---|---|

| Date of Filing Appeal: 10-12-24 | Facility Hearing DR: Larned State Correctional |
|---|---|
| Date Received Copy of Disposition | Returned Appeal to Facility: |

I Am Appealing the Decision of the Hearing Officer Because: My right to procedure due process loss of law rights was violated under the 14th Amendment. Hearing officer Wyman, didn't allow me to participate in my hearing, she terminated my hearing without cause and claims I didn't want to participate. Check recordings this isn't true. I should of been given a different hearing officer to due to [other hearings], She never provided me a copy of my DR, nor was I allowed to call witnesses as I stated. I needed a form, one of the hearing witnesses for the staff that day, wasn't there for me to cross-examine. Deandre Vontress was off on the day of my hearing. My right to due process continue to be violated. I want a new hearing or charges dismissed, contacting I-director soon! (Attach Additional Sheet(s) if Necessary)

| Inmate Signature | Date: |
|---|---|
| Ryan Cheatham  10-12-24  RC | 10-15-24  083  SM |

| Received By: | Date | Time | Initials | Date | Time 1509 | Initials |
|---|---|---|---|---|---|---|

Unit Team: _____

Disciplinary Officer: CM Wiggins

Facility Legal Counsel Responsive Argument: _____

Signature: _____  Date: _____

| Your Appeal Has Been Reviewed and it is found that: | Secretary's/Designee's Final Decision: |
|---|---|
| ☒ Substantial compliance with Departmental and Facility Standards and Procedures 7·25·2025 MWD | ☒ Approve the decision 7·25·2025 MWD |
| ☐ Hearing Officer's decision was based on some evidence 25·2025 WD | ☐ Reinstate dismissed charges; remand new hearing |
| ☐ The Penalty imposed was appropriate and proportionate to the offense. | ☐ Amend charges (44-13-202) |
| ☐ Guilty plea or no contest, no showing 44-13-703(d)(1)(2)(3) | ☐ Disapprove/Dismiss |
| | ☐ Reduce the penalty |
| | ☐ Suspend sentence |
| | ☒ Remand new hearing |
| | ☒ Remand for clarification of record 10·30·2024 MWD |
| | ☐ Reduce to summary judgment |
| | - restriction from privileges up to 10 days |
| | - fine not exceed $10 |
| | - extra work w/o incentive pay not more than 2 hrs/day no more than 5 days |
| | - work w/o incentive pay not to exceed 5 days |
| | - restitution not less than $3.00 nor more than $20.00 |
| | ☐ Remand with instructions |

DEPARTMENT OF CORRECTIONS
CENTRAL OFFICE
OCT 1 6 2024
TOPEKA, KS
FACILITY MANAGEMENT

Comments: The hearing record needs to establish Resident made physical contact with the Reporting Officer and whether the disciplinary report supports that. On 7·25·2025, reviewed clarification of the record + approved hearing officer's decision.

Secretary's/ Designee's Signature: _____ CM II  MEGHAN DAVIS, CM II  Date: 10·30·2024

Technical and clerical errors in the writing and / or processing of the Disciplinary report shall not be grounds for dismissal, unless there is substantial prejudice to the inmate, which is the burden of the inmate to provide. Pursuit to K.A.R. 44-13-707, Harmless error; Plain error.

_____ CM II   MEGHAN DAVIS, CM II   7·25·2025
*Exhibit Remand & Upheld "*

THE STATE OF KANSAS
TWENTY-FOURTH JUDICIAL DISTRICT
Serving
Edwards, Hodgeman, Lane, Ness, Pawnee & Rush Counties

In the Matter of the Application of )
)
Ryan Cheatham, 96193, )       Case No. PN-2024-CV-000042
)
For Writ of Habeas Corpus )

## ORDER REQUIRING PROOF OF EXHAUSTION OF ADMINISTRATIVE REMEDIES

**NOW** on this date, as referenced by the electronic filestamp hereon, the above matter comes on before the Court, in chambers. The Petitioner, Ryan Cheatham, is self represented.

This case has returned to the jurisdiction of the Pawnee County District Court by Change of Venue from Leavenworth County District Court on May 20, 2025. Leavenworth County District Court took no substantive, nor dispositive action concerning the Petition for Writ of Habeas Corpus.

This Court has conducted a review of the Petition for Writ of Habeas Corpus and its attachments in accordance with K.S.A. 60-1501 et. seq. As exhibits to the Petition, the Petitioner has attached the original facility Disposition and Hearing Record. The Petitioner has also provided, shown as Exhibit "B" to the Petition, the disciplinary appeal to the Secretary of Corrections filed October 12, 2024. The final decision of the Secretary of Corrections resulted in a Remand to the Larned State Correctional Facility for a determination of whether or not the disciplinary report supports inmate Cheatham making actual physical contact with the reporting

officer, and if so, requiring supplementation of the hearing record to confirm the contents of the disciplinary report.

The Petitioner has supplied no other documentation concerning the required Remand. The available record before the Court would suggest that there has been no final action in this case, and if true, the Petitioner's administrative remedies have not been exhausted.

Proof of exhaustion of all administrative remedies is required by K.S.A. 75-52,138 and K.S.A. 60-1501(b) requires the Petition for Writ to be filed within 30 days from the date of final action.

If the Remand hearing occurred and a final order was entered, Petitioner is required to submit information from the Remand hearing, including the final order. The Court will then determine if the Petition for Writ of Habeas Corpus was timely filed; and if so, further review will occur. If a Remand hearing has not yet occurred, this action will be dismissed without prejudice for lack of jurisdiction for failure to exhaust administrative remedies.

The Court directs the Petitioner to provide proof of exhaustion of administrative remedies to this Court on or before August 15, 2025. If Cheatham fails to submit all required proof of exhaustion of administrative remedies by the specified date, the underlying Petition shall be subject to involuntary dismissal by the Court.

The Clerk of the District Court of Pawnee County, Kansas is directed to provide an electronic filestamped copy of this Order Requiring Proof of Exhaustion of Administrative Remedies to Ryan Cheatham by first class mail at the addresses shown for him within court records.

**Order is effective as of the date and time on the signature page attached by the Court.**

RECEIVED

MAR 27 2025

DOC Facility Management Area

To Secretary of Correction    March 22. 2025

I am writing this Emergency Grievance / correspondence, due to the fact on March 13. 2025, while At Lansing Correctional Facility, in cell house A4 cell J122, on 2-10 shift between Hrs 8:00 - 9:30 officer Barton and Haas snatched My right arm through the food slide, after I stuck My arm out to be un-cuffed. these officers twist My right wrist to the point of breaking and pulled on the free cuff so Hard, I now on this 22 day of March have still a knot in My forearm and imprint from the top of food slide on My arm. they Never took pictures, Nor seen Me after I beg for Medical attention. However I was transfered back to Larned Correctional and pictures was taking, this was a unecessary use of force. I will be filing a Suit and I want Action taking by this department

Respectfully    I want Compensation and
Submitted    Prison Setence Concluded.

1 of 3

Received

JAN 13 2025

Office of the Secretary

RECEIVED

JAN 21 2025

DOC Facility Management Area

12-4-24

ATTENTION:
Secretary of health and human Services,

My name is Ryan Cheatham and I'am currently a inmate at the larned State Correctional facility and on September 4, 2024, I was placed on a false "AMS Status" which is a altered Mental State, and Medical staff Placed Me on Crisis level which I never had any suicidal ideations, they strip me out of My cloths and humiliated Me all of this took place in the infirmary area which the cells I was in had Camera's in them. I seen the Camera's illuminating with a Red/Green light, which indicated the Camera's were working, Contrary to administration stating they didn't work (Please see attachments.) This is a Hippa violation. I was naked at times in those cells and also believed a Correctional Officer working was related to the individual I defended Myself against and shot in My case. I tryed to notifed one of the other correctional officers but they didn't listen, So I had no choice but to use feces to write on the wall what happen, by the time I got out of the Clinic, Multiple inmates and staff knew of the incident and was talking bad about Me. if you all conduct an investigation like have someone pop up and ask the inmates in F1 house they will tell you what they heard, this is a Hippa violation as well. I believe I should be compensated damages

Sec Back→

www.madisonpaper.com

I am currently in the middle of a civil litigation against the Leavenworth County Jail and those people at this facility are aiding them w/ with holding my legal mail which I can prove, and also not allowing me to file complaints on there actions. Please see attach documents, I catch them up, first both unit team Getty ~~Good Host~~ and Medical director Amy Simmons. Claim there are no cameras in the infirmary cells, then when I tell one of the nurses, Ms Cram to go in there and check, and her and several other nurses see for them selves, then they tell her they don't work, and they don't have access to them, again this is a Hipaa violation, please conduct a investigation, and I seek monotary damages. Please have someone to come talk to me. God Bless

Civil Case # 22:3132.
also please contact Aclu on my behalf and forward the case # have them look at the Summary Judgment motion and Exhibits, filed by me on November 26 that was denied.

God Bless          Respectfully
                    Submitted
                            96193

March 22-2025

# To the Secretary of Corrections

I was transfered to Lansing Correctional Facility in which the following events transpired. I filed the following emergency grievances while At Lansing Correctional that was Never responded to. On 2-22-25 I was placed on Crisis level and placed in a Cell with another inmate who also was on Crisis level, we both had No cloths and the other inmate was a Sex offender, I Contacted the Prea line, and No one Never came to speak to Me, this is against the law, and action by you all needs to be taken. On 2-22-25 I also filed a emergency Grievance on the Matter of being placed in a cell in A-7 235, in which prior to Me being Moved into this Cell, another inmate started a fire and the cell Contained fire ash, and fumes, and was inhumane for any inmate to occupie, However I was placed in the cell, I beg for Cleaning supplies for days and didn't get none, the cell Should of been Clean before I was placed into the Cell. a Captain Thompson order Staff to clean the cell, and it wasnt, I had trouble breathing and was taking to the Clinic where My breathing improved once out and away from the cell, All documented.

2 of 2 -

eventually I received little cleaning supply and captain thompson pop up and seen the condition of the cell and was upset that it still wesn't clean, ash was every where. walls floor etc. this was inhumane and against My rights Action needs to be taken. On 2-23-25. I filed a emergency Grievance on the inhumane Living conditions at lansing correctional facility that was Never answered. the facility staff dont pass out cleaning supplys on a regular routine, the facility is short of staff, the facility staff dont call signal Medical calls, such as chest pains, of shortness / trouble breathing when a inmate Makes ideations of such. the cell Houses such as A, are exposing inmates to a substantial Health risk, by not having intercoms inside the cells, if a inmate has a Medical emergency, the inmate has to rely on a light flashing after pressing a button inside the cell, in which staff can be seen on camera not responding to Any lights flashing from cell doors, for Hrs, sometimes Not at all, this is deliberate indifference. Action needs to be taking. last I was housed in A-7 cell house and on 3-4-25, I filed a emergency Grievance on the matter of not getting yard for a Month. Cell 235. this is inhumane and against My rights Action needs to be taking

(3) of 3

Form 9
Fr  Cellhouse Transfer
Work Assignment _____
Interview Requests

_Cheatham_____
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

_96193_
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: _Disciplinary Supervisor_                Date: _9-28-24_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I Spoke to you last week about MS Wyman terminating
my hearings before they got started claiming I didn't want to participate
in all 3 Hearings, with all due respect that is 100% B S BS, I never
declined to participate in any of my hearings, My right to due-process
is being violated, and the recordings should be preserved unless they
got deleted, again, I was never given a witness form, nor was I
served a copy of my DR's Informal resolution. E-2B

Work Assignment: _____   Living Unit Assignment: _____

Comment: _____   Detail or C.H. Officer: _COI Pann_

Disposition: _According KD - KAR 44-15-101 a you are not allowed to
use the grievance procedure as a substitute for, or as
any part of the inmate disciplinary procedure_

To: _Cheatham  96193_                Date: _10/1 2024_
(Name & Number)

Disposition: _You are welcome to appeal decisions in a timely
manner according to existing KAR._

_____
Employee's Signature

**To be returned to inmate.**

P-0009

F----9
Fu----llhouse Transfer
We----k Assig----ent _____
Inte----view Requests

$q$

**KANSAS DEPARTMENT OF CORRECTIONS**

Cheatham
**Last Name Only**

96193
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: Disciplinary Lt. East                    Date: 12-10-24

**(Name and Title of Officer or Department)**
**State completely but briefly the problem on which you desire assistance. (Be specific.)**

SO

from My understanding the DR's for battery & use of stimulants
was remanded for clarification of record, then you stated the
decision was up held. However, Iam sending this as a informal
resolution on the matter that the record, wasn't never established
or to clear the record without me present would be a violation of
Due process yet again, I am asking that these write ups be
dismissed, and I will be filing something in federal court.

Work Assignment: _____    Living Unit Assignment: E-26.

Comment: _____    Detail or C.H. Officer: CSI Mul

**Disposition:** _____
_____
_____
_____
_____

To: Cheatham 96193                    Date: 12-12-24
**(Name & Number)**

**Disposition:** Disciplinary Procedures are not grievable. I cannot
offer informal resolution.

_____ **Employee's Signature**

P-0009

**To be returned to inmate.**



# Grievance-Response on Appeal

**FACILITY:**        **Larned State Correctional Facility**

**INMATE:**        **0096193 Cheatham, Ryan**

**GRIEVANCE NO.:**  **IA003411**

**DATE:**        **January 22, 2025**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate.

## ACTION TAKEN

None further.

**Darcie Holthaus**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:    Warden Easley
Image: SOCRESP w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on 2-11-25.

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

**INMATE COMPLAINT**

Inmate's Name Ryan Cheatham                    Number 96193

Facility Larned state correctional Housing Unit E26        Work Detail _____

X [ Informal resolution form 9 Attached with this grievances ] X

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). I was put on AMS, protocal After requesting a alternative Drug test due to child Hood experiences. Medical placed me on crisis level, when I wasn't suicidal or when I didn't make any ideations of such, there has been several inmates including Inmate Hayward 67071, who officers called a signal medical on, due to being in an alleged altered state, However he was never put on crisis level like I was. The inmate population was never informed of this AMS protocal, and the program aint up and running, nor is this facility sending inmates to the program so How can Yall put in effect this policy and procedures. 9-30-24

Date this report was given to Unit Team for informal resolution (to be completed by inmate) See Attached form.

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

Please be more specific as to what you are requesting. You were placed on Crisis Level by a Centurion Psychiatrist. You were declared to be in an altered state.

Travis Getty UTM          10/2/24
Unit Team Signature                Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). 10-2-24

Ryan Cheatham
Inmate Signature                            Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received 10-4-24    Date of Final Answer 11-7-24    Date Returned to Inmate 11-14-24

_____    _____    11-14-24
Inmate's Signature        Date    Unit Team Signature    Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

**TO BE COMPLETED BY STAFF ONLY**

Grievance Serial Number                    IA-00 ~~3705~~ 3414

Type of Complaint (Item 4: Code 01-75)        62

Cause of Complaint (Item 5: Code 01-30)        07

Type of Response (Item 6a: Code 01,02,08 or 09)    08

**KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM**

## INMATE COMPLAINT

Inmate's Name Ryan Cheatham    Number 96193

Facility LSCF    Housing Unit E-26    Work Detail Lay-in
(Larned State Correctional Facility)

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMEN-TATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). I was placed on a false crisis level on September 4th 2024, and upon my placement in the infirmary, I notice that there was a camera above in the right corner, there was a green light and red, Info red light coming from the camera, indicating it was on and working, I notified Huey Simmons, and unit-team Getty on the matter, and they said wasn't no cameras, However nurse Craig, and several other nurses, went inside the cell and seen the cameras this is a Hippa violation.
(Date this report was given to Unit Team for informal resolution (to be completed by inmate). 9-18-24
(See Attached form 9) Please Note My grievance was being disrupted from processing!

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.) There is no such classification as a false crisis level. Mental health personnel, duly trained and accredited by the St of KS Board of Healing Arts, are allowed, by law to determine if a person is in eminent crisis and danger to themselves. Request denied

Unit Team Signature _____    Date 10-16-24

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

_X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). 10-18-24

Inmate Signature _____    Date

## WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received 10-22-24    Date of Final Answer 11-12-24    Date Returned to Inmate _____

Inmate's Signature _____ Date _____    Unit Team Signature _____ Date _____

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number    AA-003411

Type of Complaint (Item 4: Code 01-75)    02

Cause of Complaint (Item 5: Code 01-30)    07

Type of Response (Item 6a: Code 01,02,08 or 09)    08

OMIS 11-18-24

# LARNED STATE CORRECTIONAL FACILITY

## PRINCIPAL ADMINISTRATOR'S RESPONSE TO GRIEVANCE

Grievance #:       **IA-003411**

Inmate Name:     **Cheatham, Ryan**

KDOC #:            **96193**

Date Received by Principal Administrator:       **October 22, 2024**

Date of Final Answer:                                    **November 12, 2024**

**Findings of Fact:**  In your grievance, you were placed on a false crisis level in the clinic and noticed there were cameras in the corner of the room.

**Conclusions Made:**  A review of the issue, you were told by your case manager, Mr. Pokorski, there is not a classification of a false crisis level.  Medical staff assessed you at the time and based on that assessment, placed you on a crisis level.  This was for your own protection.   As far as the issue of cameras, a review was done and there are cameras in two of the infirmary cell.  However they are not operational which is what the clinic staff were telling you.   They belong to a system which is no longer in use at the facility, and are in the process of being removed.

**Action Taken:**   No further action is necessary at this time.

Continue to work with and your Case Manager to resolve issues at the lowest level possible, following the grievance procedure.

Pursuant to K.A.R. 44-15-102, you may appeal the grievance response by submitting the appropriate form to the secretary of corrections.

_Signature of Principal Administrator_

Dear Secretary of Corrections          11-19-24

I am appealing this grievance for the reason:
The Disciplinary Hearing officer Wyman
told me that the battery offense I was charged
with (24-0827). I seen the Camera illuminating
with a ~~red light~~ Infrared light in the Clinic Cell I was in.
indicating the camera was on and working,
Also I feel like I was discriminated against and
put on Crisis-level So that my cloths and Legal mail
could be taken from me for Securitys agends and
Medicals agenda, Please take action   and
please dismiss that Battery charge, and
grant any other relief that seems Just.
God Bless

level 1 Grievance on [crossed out] Use of force FORESTFIC [illegible]

Tear off and give to inmate when submitted to Unit Team through receiving staff.

Inmate Name Ryan Chestham

Receiving Staff Signature CCI BOYER

Number 96/93

Date 5-9-25

**Effective Date (3-18-96) P-157**

Exhibit "C"

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

Cheatham
**Last Name Only**

### KANSAS DEPARTMENT OF CORRECTIONS

96193
**Number**

### INMATE REQUEST TO STAFF MEMBER

To: Unit-team Getty _____ Date: 9-17-24,
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Mr. Getty this is My informal Resolution on the Matter Not being provided a Copy of pending D.A.R's reports, I was Never served any copys of the complaints Ms Wyman gabe Me today a summons date to appear for hearings, that I Never was provided copys of D.A.R, it is policy and procedure to provide the inmate of a copy of his write up in order to prepare a defense - More violations of my rights are You gonna stand up for whats Right?

Work Assignment: _____ Living Unit Assignment: E.26.

Comment: _____ Detail or C.H. Officer: _____

Disposition: _____

To: Cheatham, 96193 _____ Date: 9/19/24
(Name & Number)

Disposition: I was informed that you were unable to receive or sign for your DR's due being in an altered state and on crisis level.

P.S note, I was able to take my cloths off and cuff up but they say I couldn't sign this is B.S.

T. Getty UTM
Employee's Signature

**To be returned to inmate.**

P-0009

(17)

Exhibit B.

Cheatham

_Last Name Only_

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**

96193

_Number_

Mrs. Riedal

**INMATE REQUEST TO STAFF MEMBER**

To: Unit-team Graham.                    Date: 6-29-25.

(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

On 5-6-25. Ms Penny Riedal provided a response to My emergency Grievance filed on 3-22-25, to the Secretary of corrections on the matter of a Use of Force against office Barton and officer Haog, while at the Lansing correctional Facility, Penny Riedal also told me to file a paper grievance which I did on 5-9-25, Has ever no response. Where is My grievance. Its been more then 10 days

Work Assignment: _____  Living Unit Assignment: E-15-

Comment: _____  Detail or C.H. Officer: COI Panning

Disposition: _____
_____
_____
_____

To: _____                    Date: 07-03-25

(Name & Number)

Disposition: As I discussed with you - my office did not Receive Any grievance from you for LCF. It will be searched for And I'll let you know if it is found by Anyone, in Addition to checking with Case Mgt staff.

P.Riedal

Employee's Signature          Exhibit "B"          **To be returned to inmate.**

P-0009



# Kansas
### Department of Corrections
*Larned State Correctional Facility*

Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550

Phone: (620) 285 - 6249
www.doc.ks.gov

Secretary Jeff Zmuda
Warden Tim Easley

Governor Laura Kelly

**MEMO TO:**      Cheatham, Ryan  #96193

**MEMO FROM:**    Penny Riedel, Policy and Information

**DATE:**         December 31, 2024

**SUBJECT:**      Grievance return

The attached grievance was received in the Warden's office.   It is being returned to you without a response as this issue is not  grievable.   Per KAR 44-15-101a(d)(2): "The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision-making process, or the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure. "

You may appeal on the record to the secretary of corrections any disciplinary process or procedural issues.  Please contact your Unit Team Counselor to try and resolve your issue at the lowest level possible, following the grievance procedure under KAR 44-15-102(a)(1).

Form 9
For Cellhouse Transfer
Work Assignment
Interview Request

**KANSAS DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST TO STAFF MEMBER**

To: Shadaras
(Name and Title of Officer or Department)

State completely but briefly the problem on which you desire assistance. (Be specific)

Date: 9-18-24

Last Name Only: Cheatham

Number: 96193

Comment:

Mr Shadaras, I understand that you are not responsible for my Seg placement. However, I would like to continue with the welding course via Book work. I could do the testing in the day room in Segregation with you present the chapters needed to be covered I can do from my cell. If not then I will take the appropriate action to address the issue of detail by administration; its you own agenda, Nothing against you, but if you wanted to there are options for me to still participate in the class and PASS, and do the welding. Peter later Thanks

Detail or C.H. Officer:

Living Unit Assignment:

To:
(Name & Number)

Disposition:

To:

Disposition:

Date:

Employee's Signature

To be returned to inmate.

P-0009

Good day, I received your form 9. It is not possible to complete the welding program via bookwork. The blueprint reading class you were in has ended. You missed both of your finals; your attendance grade dropped to a zero, and you received a 43% for your final grade. The best way to complete the welding program is in the welding program. I am familiar as to how and why your SEG placement happened. I am unsure as to what agenda you are referring. In the future complying with the directives of the facility and refraining from drug use will help you be more successful. I looked up your release date. You have plenty of time to retake the program. However, you are going to have to prove that you are in a better frame of mind to reenter the program. The uncontrolled outbursts you displayed and incoherent rambling in class will have to be better controlled. I will not have the same tolerance for it a second time. This is a time for you to better your life. That starts with personal accountability. We will discuss later on you re-entering the program.


Thank you,

Snodgrass

Form 9
Fc  Cellhouse Transfer
Work Assignment _____
Interview Requests

_Cheatham_
**Last Name Only**

## KANSAS DEPARTMENT OF CORRECTIONS

_96193_
**Number**

### INMATE REQUEST TO STAFF MEMBER

To: _Disciplinary Supervisor_          Date: _9-28-24_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I spoke to you last week about MS Wyman terminating my hearings before they got started claiming I didn't want to participate in all 3 hearings, with all due respect that is 100% BS BS BS, I never declined to participate in any of my hearings, My right to due-process is being violated, and the recordings should be preserved unless they got deleted, again, I was never given a witness form, nor was I served a copy of my DRS Informal resolution.

Work Assignment: _____  Living Unit Assignment: _E-2B_

Comment: _____     Detail or C.H. Officer: _C01 Penn_

Disposition: According to KAR 44-15-101 a you are not allowed to use the grievance procedure as a substitute for, or as any part of the inmate disciplinary procedure

To: _Cheatham 96193_                    Date: _10/1/2024_
(Name & Number)

Disposition: You are welcome to appeal decisions in a timely manner according to prevailing KAR.

_[signature]_
Employee's Signature

**To be returned to inmate.**

P-0009

Kegar'ing @w oc in Infirmary cell.

INMATE REQUEST TO STAFF MEMBER

To: Nurse Crain _____          Date: 9-3-24
(Name and Title of Officer or Department)

_____
Unit Team, Detail, or Cellhouse Officer's Signature

To be retained by inmate

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

Cheatham
Last Name Only

KANSAS DEPARTMENT OF CORRECTIONS

96193
Number

INMATE REQUEST TO STAFF MEMBER

To: Nurse Crain _____    Date: _____ 9-3-24
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

It is from my understanding after I told you
that there was camera's in the infirmary cells and
at the time you stated "No", but then you told
Me that you and other Nurses went inside those cells
and seen the cameras on the top right corner as
I said correct.

Work Assignment: _____    Living Unit Assignment: E 26-
Comment: _____    Detail or C.H. Officer: _____

Disposition: (Simmons) (Williams)
They as in HSA & D.O.D said they don't work. We have no
access to see Cameras. We have no monitor or screen to see any thing. He is
correct there is one in there, but doesn't work. 10/4/24
Crain CMA

To: _____          Date: _____
(Name & Number)

Disposition: _____
_____
_____
_____

Employee's Signature                    To be returned to inmate.

P-0009

E

Form 9
For Cellhouse Transfer
Work Assignment
Interview Requests

Cheatham
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

96193
**Number**

( Camera in top right corner )

**INMATE REQUEST TO STAFF MEMBER**

To: AMY SIMMONS                    Date: 9-18-24

(Name and Title of Officer or Department)

PS. Yall clinic falls short of adequate medical care, I am going to prove it

State completely but briefly the problem on which you desire assistance. (Be specific.)

Informal resolution.

On 9-18-24 at approximately 7:30-7:35 AM while on the Segregation yard "nurse Crain" informed me that I wasn't in the "Crisis observation unit", which would of had a camera in my cell, However I was in the infirmary, ~~which book me around, However~~ there was a Camera in My cell and which that is a Hippa violation to have Camera's in a cell in the infirmary So yall are in violation of Hippa order to use the video footage in a DHR proceeding, regarding the alleged battery

Work Assignment:                    Living Unit Assignment: E 26

Comment: violates Hippa          Detail or C.H. Officer: _____

Disposition: _____

_____

_____

_____

To: Cheatham 96193                    Date: 9·20·2024

(Name & Number)

Disposition: There are no cameras in the infirmary cells.

_____

_____

ASimmons, HSA
**Employee's Signature**

P-0009

**To be returned to inmate.**

( 19 )

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

Cheatham
_____
Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**

96193
_____
Number

**INMATE REQUEST TO STAFF MEMBER**

To: Getty Informal resolution          Date: 9-18-24
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

on 9-18-24 at approximately 7:30 - 7:35am white on the
Segregation yard, "Nurse Crain" informed me that I wasn't in the
crisis observation unit- which would of had a camera in my cell, However
I was in the infirmary, there was camera's in my cell in the Top right
this is a violation of Hippa, if I wasn't in the crisis observation unit,
cause there isn't one, or I wasn't really on crisis level, Y'all violated hippa, the video
footage from the alleged battery, violates hippa, Having me in the infirmary violates
Hippa.

Work Assignment: ⬛⬛⬛                    Living Unit Assignment: E-76 ⬛⬛
Comment: ⬛⬛                              Detail or C.H. Officer: ⬛⬛⬛

Disposition:
_____
_____
_____
_____

To: Cheatham, 96193                    Date: 9/19/24
(Name & Number)

Disposition: There are no cameras in the cells in the
infirmary. This is not a HIPPA violation.
_____
_____

T. Getty UTM
Employee's Signature

To be returned to inmate.

P-0009

18

Form 9
For ___ lhouse Transfer
Wo. ___ Assignment _____
Interview Requests

Cheatham

**Last Name Only**

### KANSAS DEPARTMENT OF CORRECTIONS

96193

**Number**

### INMATE REQUEST TO STAFF MEMBER

To: ___Getty___                                 Date: _____

(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

This is My Informal Resolution on being Put on AMS,
When the Program aint running, Yall not sending people there
to Lansing and I was never declared Altered Mental State,
never was there a code called on Me, So once again Yall
are violating My due-process rights, Informal Resolution Sir.

Work Assignment: _____    Living Unit Assignment: ___E-26.___

Comment: _____           Detail or C.H. Officer: ___COI Pamm___

Disposition: _____
_____
_____
_____

To: ___Cheatham, 96193___                    Date: ___9/30/24___

(Name & Number)

Disposition: ___You were placed on Crisis Level on 9/5/24 for
being in an altered state.___
_____

___T. Getty UTM___
Employee's Signature                          **To be returned to inmate.**

P-0009

# Kansas
## Department of Corrections

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

January 16, 2025

TO:    0096193 Cheatham, Ryan

Larned State Correctional Facility

RE:    Invalid Grievance

I received your correspondence that included an unnumbered grievance.

KAR 44-15-101 (a)(d)(2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate **disciplinary procedure**, the classification decision making process, the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure.

Your complaint is clearly about the classification decision making process.  KAR 44-15-101 (a)(d)(2) prohibits use of the grievance procedure to address this concern.

Sincerely,

Darcie Holthaus CMII
Corrections Manager, Facility Management

cc:      Warden Easley
         w/attachments
Image:  SOCRESP
         w/attachments

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name Ryan Cheatham          Number 96193

Facility Larned State          Housing Unit C-26          Work Detail Cay-in
Correctional

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). On 12-10-24  I submitted a form 9 to Disciplinary Lt East, addressing the fact that Topeka remanded my two write-ups for use of stimulants and Battery for clarification of the record, However, there was never any record established due to hearing officer Wymaning terminating everyone of my hearings for not raising my right hand. to establish clarification of the record without the inmate there which is Me, is a due process violation, of the 14th. 12-10-24

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _____ (See Attached)

## UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.)

See attached

T. Getty UTM     12/7/24

Unit Team Signature          Date

## INMATE RESPONSE (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). 12-27-24

Inmate Signature          Date

## WARDEN RESPONSE (Complete, attach response and return within 10 Working days.) Not Grievable

Date Received 12-31-24          Date of Final Answer 12-31-24          Date Returned to Inmate _____

_____          _____
Inmate's Signature          Date          Unit Team Signature          Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number          _____

Type of Complaint (Item 4: Code 01-75)          _____     _____

Cause of Complaint (Item 5: Code 01-30)          _____     _____

Type of Response (Item 6a: Code 01,02,08 or 09)          _____     _____

Per KAR 44-15-101a(d)(2): "The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision-making process, or the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure."

T. Getty UTM
12/27/24

RECEIVED

JAN 13 2025

DOC Facility Management Area

Attention Secretary of corrections 12 DOC 2%

I am appealing this decision due to the

answer being erroneous, I am not appealing

the Disciplinary decision I am appealing the

fact that my due process rights where violated

by you all remanding the mentioned DR for

Clarification of the Record, However as stated

There was Never a record establish due to MS

Wyman terminating my hearings because I

didn't raise my right hand. to Conduct a hearing

without me present is a Violation of my due

process rights. Period

Respectfully,

Submitted



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

**KANSAS**
Department of Corrections

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary                                                                 Laura Kelly, Governor

January 16, 2025

TO:     0096193 Cheatham, Ryan

        Larned State Correctional Facility

RE:     invalid Grievance

I received your correspondence that included an unnumbered grievance.

KAR 44-15-101 (a)(d)(2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision making process, the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure.

Your complaint is clearly about the classification decision making process.  KAR 44-15-101 (a)(d)(2) prohibits use of the grievance procedure to address this concern.

Sincerely,

Darcie Holthaus CMII
Corrections Manager, Facility Management

cc:     Warden Easley
        w/attachments
Image: SOCRESP
        w/attachments

ANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name _Ryan Cheatham_     Number _96193_

Facility _Lamed State Correctional_ Housing Unit _E-26_    Work Detail _Lay-in_
_Facility_

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). On 12-2-24, I submitted a form 9 to the unit-team regarding "the year in seg policy, if battery on staff policy Not being provided to the inmate population. this is a Due-process violation, and against, an IMPP. Inmates shall be informed of updated policy + procedures.

12-2-24

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _12-2-24_

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

See previous answer on Form 9: classification decisions, such as housing, are not grievable

_____
Unit Team Signature            Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_____
Inmate Signature            Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _12-24-24_    Date of Final Answer _12-24-24_    Date Returned to Inmate _12-24-24_

_Ryan Cheatham_   _12-24-24_    _See Attached_   _12-24-24_
Inmate's Signature    Date    Unit Team Signature       Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number _____

Type of Complaint (Item 4: Code 01-75) _____

Cause of Complaint (Item 5: Code 01-30) _____

Type of Response (Item 6a: Code 01,02,08 or 09) _____

_Pamela Delp Clemensen Facility_

RECEIVED

JAN 13 2025

DOC Facility Management Area

Attention Secretary of Corrections  12.4.24

I am appealing this because this facility Never informed the inmate population of this New policy prior to enforcing such policy on the inmates. I was told I had to do a year in Segregation per New policy . The inmates was Never informed of this IMPP. this is a violation of due process, and futher the Warden stated he looked into my situation and I was suppost to return to population after his findings However, unit team Pokorski, signed me up for SAP! and now they saying I cant get out of Seg, until SAP is completed.



# Kansas
### Department of Corrections
*Larned State Correctional Facility*

Larned State Correctional Facility
1318 KS Highway 264
Larned, KS 67550

Phone: (620) 285 - 6249
www.doc.ks.gov

Secretary Jeff Zmuda
Warden Tim Easley

Governor Laura Kelly

**MEMO TO:**        Cheatham, Ryan #96193

**MEMO FROM:**    Penny Riedel, Policy and Information

**DATE:**            December 24, 2024

**SUBJECT:**        Grievance return

The attached grievance was received in the Warden's office.   It is being returned to you without a response as this issue is not grievable.    Per KAR 44-15-101a(d)(2): "The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision-making process, or the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure."

You may appeal on the record to the secretary of corrections any disciplinary process or procedural issues.  Please contact your Unit Team Counselor to try and resolve your issue at the lowest level possible, following the grievance procedure under KAR 44-15-102(a)(1).

Form 9
For Cellhouse Transfer
Wo. Assignment _____
Interview Requests

Cheatham
**Last Name Only**

**KANSAS DEPARTMENT OF CORRECTIONS**

96193
**Number**

**INMATE REQUEST TO STAFF MEMBER**

To: Unit-team Pakorski / Getty    Date: 12-2-24
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

This is my informal Resolution on the matter of being
Told I had to do a Year, for an alleged battery on officer
Jones, due to current "new policy" However, the inmate
population was never informed of this new policy!
this is a violation of due process, Plus the warden stated
when he came to E unit graduation, that he would look into my
situation, And I wouldn't do a year.

Work Assignment: Lay In    Living Unit Assignment: E 26

Comment: _____    Detail or C.H. Officer: CSI Mad

Disposition: However in prison is a classification decision
and not grievable. Also, battery on another should
never be taken Based upon the punishment.
CE ___

To: _____    Date: _____

(Name & Number)

Disposition: _____
_____
_____
_____

Employee's Signature    **To be returned to inmate.**

P-0009



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

March 28, 2025

TO:     Cheatham, Ryan 0096193

        Larned Correctional Facility

RE:     Emergency Grievance

We received your inmate grievance report form with written arguments. You directed this grievance to the Secretary as an emergency grievance pursuant to KAR 44-15-106. It is the conclusion of this office that the matters raised in your grievance form do not constitute an emergency. Disposition of your grievance according to the regular time limits and procedures will not subject you to a substantial risk of personal injury or cause you other serious and irreparable harm. Thus, we have concluded that you should not be permitted to bypass efforts to resolve this grievance at the facility level.

Your grievance is being forwarded to the Warden of the facility where you are now housed for review and response in accordance with KAR's 44-15-106, 44-15-101(d)(1) and 44-15-102(b). We have asked that the facility process your grievance as a regular grievance.

If you have questions or require assistance about the status of your grievance, please contact your unit team. Otherwise, you can expect to hear from the Warden in reply to your grievance in the near future.

Sincerely,

Darcie Holthaus CMII
Corrections Manager, Facility Management

document Returned
to inmate on 5-6-25

cc:     Warden Easley
        w/attachments
Image:  SOCRESP
        w/attachments

Exhibit A.

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

FOR
Shawn

*If Mr Cheatham wants to file A grievance Against Lansing — He Can fill out A paper grievance which my office will forward. Thanks Penny*

*05-6-25*

Jeff Zmuda, Secretary

March 28, 2025

TO:     Cheatham, Ryan 0096193

        Larned Correctional Facility

RE:     Emergency Grievance

We received your inmate grievance report form with written arguments.  You directed this grievance to the Secretary as an emergency grievance pursuant to KAR 44-15-106.  It is the conclusion of this office that the matters raised in your grievance form do not constitute an emergency.  Disposition of your grievance according to the regular time limits and procedures will not subject you to a substantial risk of personal injury or cause you other serious and irreparable harm.  Thus, we have concluded that you should not be permitted to bypass efforts to resolve this grievance at the facility level.

Your grievance is being forwarded to the Warden of the facility where you are now housed for review and response in accordance with KAR's 44-15-106, 44-15-101(d)(1) and 44-15-102(b).  We have asked that the facility process your grievance as a regular grievance.

If you have questions or require assistance about the status of your grievance, please contact your unit team.  Otherwise, you can expect to hear from the Warden in reply to your grievance in the near future.

Sincerely,

Darcie Holthaus CMII
Corrections Manager, Facility Management

*document Returned to inmate on 5-6-25*

cc:     Warden Easley
        w/attachments
Image:  SOCRESP
        w/attachments

*Exhibit A.*

INMATE REQUEST TO STAFF MEMBER

To: _____     Date: _____
(Name and Title of Officer or Department)

_____
Unit Team, Detail, or Cellhouse Officer's Signature     **To be retained by inmate**

**Form 9**
For Cellhouse Transfer
Work Assignment _____  Exhibit "D"      Cheatham
Interview Requests                                    Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**                96193
                                                    Number

**INMATE REQUEST TO STAFF MEMBER**

To: MS Penny Riedal     Date: 7-1-25
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

is there any way to get with Warden Easley
on a final Despotion of use of Force Grievance
with lansing since there benond deadline to
respon d. I have Until 7-28-25. with Courts
thaniss

Work Assignment: _____  Living Unit Assignment: E-15.

Comment: _____  Detail or C.H. Officer: _____

Disposition: _____
_____
_____
_____

To: _____     Date: 7-2-25
(Name & Number)

Disposition: You would need to Send Anything to LCF Since
it involves that facility

_____
     Riedl  Exhibit "D"
Employee's Signature                     **To be returned to inmate.**

P-0009



level 3 grievance was sent via mail to Secretary of
Corrections. INMATE REQUEST TO STAFF MEMBER (use of force July 4, 202?
Larned.

To: Secretary of Corrections                                    Date: 7-29-25
(Name and Title of Officer or Department)

Cole 2utter Kalle
Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

level 3. grievance Forward to Secretary of Corrections
against Lansing officer Barton and Hoag, March 13, 2025 incident
INMATE REQUEST TO STAFF MEMBER      use of force. Forearm
injury.

To: Secretary of Corrections                                    Date: July 28. 2025
(Name and Title of Officer or Department)

Coll Bochy
Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**