IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

  Plaintiff,

  v.           CASE NO. 25-3091-JWL

JESSE HOWES, et al.,

  Defendants.

**<u>MEMORANDUM AND ORDER</u>**

  Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Although Plaintiff is currently in custody at the Larned State Correctional Facility in Larned, Kansas ("LSCF"), the claims in his Complaint are based on his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF").  On June 27, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why various claims in his Complaint should not be dismissed for the reasons set forth in the MOSC.  The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies.  Plaintiff has now filed an Amended Complaint (Doc. 18).  Plaintiff has also filed:  a Motion to Alter or Amend Judgment and or Reconsideration to Prevent Manifest Injustice (Doc. 17); a Motion for Temporary Restraining Order (Doc. 19); a Motion for Emergency Production and Release of Both Use of Force Incidents Video Footage to News Stations and Listed Emails (Doc. 20); a Motion for Relief Rule 60(b)(4) (Doc. 21); and a "Motion for Leave to File Complaint (Not Amended) Fully Exhausted Administrative Remedys [sic], Concerning Both Use of Forces, Lansing and Larned, Secretary of Corrections Never Replied" (Doc. 22).

**I.  Nature of the Matter Before the Court**

  Plaintiff's claims in his Complaint were based on incidents occurring at LCF and his

conditions of confinement at LCF.  The Court found in the MOSC that Plaintiff's excessive force claim based on his arm being snatched and twisted through the food slide at LCF was not subject to dismissal. However, Plaintiff's remaining claims in his Complaint regarding his conditions of confinement at LCF were subject to dismissal for failure to state a claim.

Plaintiff's Amended Complaint retains his excessive force claim based on his arm being snatched and twisted through the food slide at LCF, but drops the remaining claims from his original Complaint.  However, he adds staff from LSCF as defendants and adds claims regarding incidents occurring at LSCF.  His LSCF claims include:  that there are cameras in the infirmary at LSCF, which violates his right to privacy; equal protection and due process violations based on Plaintiff's receipt of a disciplinary report ("DR") and placement in segregation for one year due to his battery on a correctional officer; allegedly being shot by officers on the segregation yard on July 4 2025, at LSCF; and a conspiracy to keep Plaintiff in segregation prior to a final resolution regarding his DR at LSCF. Plaintiff seeks $7,000,000 in punitive damages in his Amended Complaint.

## II.  DISCUSSION

Plaintiff's original Complaint was based on incidents and the conditions at LCF.  Plaintiff has now filed an Amended Complaint that includes an incident involving the alleged use of force at LCF, as well as claims regarding incidents and a disciplinary proceeding at LSCF.  Plaintiff has also filed several motions.

### 1)  Motion to Alter of Amend Judgment and or Reconsideration to Prevent Manifest Injustice (Doc. 17)

Plaintiff asks the Court to alter or amend judgment or to reconsider the Court's "July 16, 2025 ruling denying Plaintiff additional time to file his amended complaint." (Doc. 17, at 1.)  The Court's July 16, 2025 Memorandum and Order (Doc. 13) granted Plaintiff an extension of time to

submit his amended complaint. (Doc. 13, at 2.) The Memorandum and Order provides that "[t]he deadline for Plaintiff to respond to the Court's MOSC at Doc. 7 and to submit an amended complaint is extended to **August 11, 2025.**" *Id*. Plaintiff filed his Amended Complaint on July 31, 2025. (Doc. 18.)

The remainder of Plaintiff's motion sets forth his attempts to exhaust his administrative remedies regarding his claims in his Complaint. (Doc. 17, at 1–3.) Plaintiff claims that his emergency grievance was treated as a normal grievance and he was instructed to start over with the process. *Id*. at 2. He claims that after starting over, his level 1 grievance was not located, and he was told to send it again. *Id*. Plaintiff states that the Secretary of Corrections has 20 calendar days to respond, and suggests that he will not be able to complete exhaustion prior to the deadline for submitting his amended complaint. *Id*. at 3. Plaintiff asks the Court to grant Plaintiff additional time to submit his amended complaint, or to order the Secretary of Corrections to "fast track the response" to Plaintiff's grievance. *Id*. Plaintiff indicates that he is adding defendants and claims in his amended complaint and argues that he will not be allowed to add these new issues unless exhaustion is fast-tracked and completed prior to him filing his amended complaint. *Id*. at 4.

Plaintiff fails to point to a judgment that he is seeking to alter or amend. Instead, he seems to take issue with having a deadline to submit his amended complaint that will expire prior to him finishing exhausting his administrative remedies. However, the Court previously advised Plaintiff that full exhaustion was required prior to filing this action. *See* Doc. 7, at 19–22.

The court in *Sheldon* held that:

> The law is clear that Mr. Sheldon is required to exhaust his administrative remedies—and exhaust them completely—*before* seeking judicial relief. The PLRA is unequivocal that "[n]o action shall be brought . . . *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). And "[s]ince the PLRA makes exhaustion a precondition to *filing* a

suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (holding that plaintiff's claim was properly dismissed for failure to exhaust administrative remedies even though the prison finished its review of the incident giving rise to the plaintiff's claim by the time the case was "ripe for decision") (citations omitted; emphasis in original); *see also May*, 929 F.3d at 1229 (inmate's failure to exhaust before filing suit not cured by filing amended complaint after exhausting); *Snyder v. Harris*, 406 F. App'x 313, 317 (10th Cir. 2011) ("An inmate is not permitted to complete the administrative exhaustion process *after* he files suit.") (emphasis in original); *Little*, 607 F.3d at 1249 (under the PLRA, "a prisoner must exhaust his administrative remedies *prior* to filing a lawsuit regarding prison conditions in federal court") (emphasis in original); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under [the] PLRA for failure to exhaust his administrative remedies."). Courts in this district have meticulously implemented this pre-filing exhaustion mandate. *See, e.g.*, *Hill v. Ciolli*, No. 23-cv-02539-CNS-KAS, 2024 WL 2749652, at *5 (D. Colo. May 29, 2024); *Nellson v. Barnhart*, No. 20-cv-00756-PAB-NYW, 2020 WL 6204275, at *2 (D. Colo. Oct. 22, 2020); *Susinka v. Trujillo*, No. 19-cv-02190-PAB-MEH, 2020 WL 13849624, at *4 (D. Colo. Aug. 24, 2020), *report and recommendation adopted*, 2020 WL 13849625 (D. Colo. Sept. 22, 2020); *Soto v. Matthews*, No. 18-cv-02319-KMT, 2020 WL 1183365, at *4 (D. Colo. Mar. 12, 2020); *Jones v. Santini*, No. 17-cv-01231-PAB-MEH, 2018 WL 272178, at *4 (D. Colo. Jan. 2, 2018), *report and recommendation adopted*, 2018 WL 1224890 (D. Colo. Mar. 8, 2018); *Williams v. Wilcox*, No. 13-cv-03249-RM-CBS, 2015 WL 4881211, at *3 (D. Colo. Aug. 17, 2015); *Horton v. Davis*, No. 12-cv-00349-REB-BNB, 2013 WL 500482, at *1 (D. Colo. Feb. 11, 2013).

Importantly, the obligation to strictly adhere to the pre-filing exhaustion requirement may not be discounted as mere form-over-substance, as Mr. Sheldon suggests. As the Supreme Court has emphasized, "the benefits of exhaustion . . . include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219. This court lacks authority to deprive either party of these useful benefits, nor would it be inclined to do so if afforded that discretion.

> In sum, Mr. Sheldon indisputably commenced this lawsuit without waiting the required forty days for the General Counsel's response to his appeal. Because Mr. Sheldon is "not permitted to exhaust administrative remedies during the pendency of litigation," *Nellson*, 2020 WL 6204275, at *2, the court finds that he failed to exhaust his administrative remedies prior to filing this lawsuit and that he similarly has failed to sustain his burden of showing that the administrative remedy process was not available to him.

*Sheldon v. Bureau of Prisons*, 2024 WL 3503039, at *10 (D. Colo. 2024), *report and recommendation adopted* 2024 WL 3496826 (D. Colo. 2024).

Plaintiff takes issues with the Court's deadline to file an amended complaint because he needs more time to exhaust his administrative remedies. Based on the reasoning set forth above, Plaintiff's motion is denied.

### 2)  Motion for Temporary Restraining Order (Doc. 19)

Plaintiff's motion seeking a temporary restraining order consists of one paragraph, and states:

> Comes now Ryan Cheatham Plaintiff and requests a temporary restraining order against all defendants, also Jeremy Baker, a correctional officer who made gay derogatory comments towards me on seg yard, and wrote me up in retaliation of me filing lawsuits on Larned Correctional, quote "put this in your lawsuit." Therefore I am asking for a restraining order as the defendants and Jeremy Baker's retaliatory acts are becoming abusive!

(Doc. 19) (cleaned up).

"The [C]ourt may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

"Except as to notice and duration, the legal standards governing a temporary restraining order ("TRO") and a preliminary injunction are the same." *Vietti v. Welsh & McGough, PLLC*, 2022 WL 1288314, at *2 (N.D. Okla. April 30, 2022) (citing *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order.")). "The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration." *Id.* (citing Fed. R. Civ. P. 65(b)).

A party seeking preliminary injunctive relief must establish "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Derma Pen, LLC v. 4EverYoung Ltd.*, 737 F. App'x 396, 402 (10th Cir. 2018) (unpublished) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001)). Whether sought through a TRO or a preliminary injunction, injunctive relief is an "extraordinary remedy," and the movant must demonstrate a "clear and unequivocal right" to have its request granted. *Vietti*, 2022 WL 1288314, at *2 (citing *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)).

Plaintiff has failed to show that he will suffer immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition. Plaintiff fails to set forth any efforts made to give notice to Defendants or the reasons why it should not be required. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  A mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a TRO is warranted.  Plaintiff's motion is denied.

### 3)  Motion for Emergency Production and Release of Both Use of Force Incidents Video Footage to News Stations and Listed Emails (Doc. 20)

Plaintiff seeks production of the July 4, 2025 use of force video from LCF, and the security footage involving a use of force incident at LSCF on March 13, 2025.  (Doc. 20, at 1.)  This case has not passed the screening stage and any request for discovery is premature.  The motion is denied.

### 4)  Motion for Relief Rule 60(b)(4) (Doc. 21)

Plaintiff's motion for relief under Rule 60(b)(4) alleges that staff at LSCF are not e-filing his motions when asked and are "making Plaintiff miss business days to were [sic] judges can rule if Plaintiff doesn't respond or submit (offensive side)."  (Doc. 21, at 1.)  Plaintiff then alleges that something filed with the Tenth Circuit was improperly filed on August 21, 2025—three days before he filed his motion for relief.  *Id*. at 2.  Plaintiff also alleges that his e-filing receipts are being withheld and he is in the dark as to his motions, decisions, and activity  in his cases.  *Id*.

Plaintiff also alleges that his "legal mail is being held on to as tactical advantages for the defendants." *Id.* at 3.  Plaintiff seeks "relief from the court/10th Circuit" and "a restraining order on all defendants." *Id.*   Plaintiff "asks the Higher Courts to grant Plaintiff relief." *Id.*

Rule 60(b)(4) provides for relief from a final judgment, order, or proceeding because "the judgment is void." Fed. R. Civ. P. 60(b)(4).  Plaintiff's motion does not point to any final judgment or order and takes issue with current conditions at LSCF.  If Plaintiff seeks relief regarding a case he has pending before the Tenth Circuit, he should seek relief from that court.  To the extent he is attempting to raise new claims, he should file an action based on those claims after exhausting his administrative remedies on those claims.   Plaintiff's motion is denied.

### 5) "Motion for Leave to File Complaint (Not Amended) Fully Exhausted Administrative Remedys [sic], Concerning Both Use of Forces, Lansing and Larned, Secretary of Corrections Never Replied" (Doc. 22)

Plaintiff's motion appears to be an attempt to re-submit his Amended Complaint, alleging that he has now fully exhausted his administrative remedies.  (Doc. 22, at 1.)  Plaintiff alleges that the response from the Secretary of Corrections was due on August 25 and August 26, 2025, they failed to respond, "so Plaintiff is refiling same complaint on August 27, 2025, [a] day after deadline." *Id.*   However, Plaintiff's motion was filed on August 26, 2025.

Plaintiff's motion is denied based on the reasoning set forth above regarding the exhaustion requirement.

## III. Opportunity to file a Second Amended Complaint

The Court will grant Plaintiff a final opportunity to submit an amended complaint that includes only those claims exhausted prior to filing this action.  Plaintiff's current Amended Complaint (Doc. 18) appears to include claims that were not exhausted prior to filing this action and includes new claims that are unrelated to his claim retained from his original Complaint.  In

filing a second amended complaint, Plaintiff should keep the following in mind.

### 1) Rule 8

In filing a second amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

### 2) Rules 18 and 20

Plaintiff has set forth unrelated claims in his Amended Complaint.  He includes claims from LCF and LSCF.  Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint.  Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) *Defendants*.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210,

1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must

allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

### 3) Personal Participation

Plaintiff must set forth in his second amended complaint how each defendant personally participated in the deprivation of his constitutional rights.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An

official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

## IV. Amended Complaint Required

The Court will grant Plaintiff a final opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed in the MOSC and that complies with this Memorandum and Order.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3091-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint.

12

*See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

Plaintiff should refrain from filing any further motions until he has submitted a complaint that survives screening.  Any further motions, other than a motion for an extension of time to submit his second amended complaint, may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 17, 19, 20, 21, and 22) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 2, 2025**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 2, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**