IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    **Plaintiff,**

    v.                                                                      CASE NO. 25-3091-JWL

JESSE HOWES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Although Plaintiff is currently in custody at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), the claims in his Complaint are based on his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On June 27, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why various claims in his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 18), and on September 2, 2025, the Court entered a Memorandum and Order (Doc. 23) ("M&O"), granting Plaintiff until October 2, 2025, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed in the M&O. This matter is before the Court on Plaintiff's motion (Doc. 25) seeking reconsideration of the Court's M&O.

Local Rule 7.3 provides that "[e]xcept for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time" and "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

1

correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. "The court may deny a motion to reconsider pursuant to D. Kan. Rule 7.3 without awaiting a response or the court may set a response deadline." D. Kan. Rule 6.1(d)(3). "No response is necessary unless the court establishes a response deadline." *Id*.

Plaintiff objects to the Court's finding that Plaintiff must fully exhaust his administrative remedies prior to filing an action. (Doc. 25, at 1.) Plaintiff alleges that this finding was clear error. *Id*. Plaintiff then alleges that he mistakenly stated that the Secretary of Correction's response was due August 27, 2025, when it was actually due August 26, 2025. *Id*. at 2. Therefore, he argues that his motion to amend corresponds with this deadline and was proper. *Id*. Plaintiff then suggests that he does not understand the Court's position regarding the joinder of claims and defendants. *Id*. Lastly, Plaintiff requests video footage of the alleged use of force on July 4, 2025. *Id*. at 3.

The Court has previously explained to Plaintiff that any request for discovery is premature at this stage of the proceedings. This case has not passed the screening stage and any request for discovery is premature.

The M&O provides that Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint. Plaintiff should refer to this discussion in the M&O for guidance on complying with those rules.

Plaintiff takes issue with the Court referring to Plaintiff's misstatement of the correct due date for the Secretary of Correction's response to his grievance. However, the date is irrelevant, because whether the response was due on August 26 or 27, Plaintiff did not fully exhaust prior to filing his case on May 12, 2025.

The Court noted in the M&O that "Plaintiff seems to take issue with having a deadline to submit his amended complaint that will expire prior to him finishing exhausting his administrative

remedies." (Doc.23, at 3.)  The Court stated that it had previously advised Plaintiff that full exhaustion was required prior to filing this action. *Id*. (citing Doc. 7, at 19–22).  The Court cited the holding *Sheldon* as follows:

> The law is clear that Mr. Sheldon is required to exhaust his administrative remedies—and exhaust them completely—*before* seeking judicial relief. The PLRA is unequivocal that "[n]o action shall be brought . . . *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). And "[s]ince the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (holding that plaintiff's claim was properly dismissed for failure to exhaust administrative remedies even though the prison finished its review of the incident giving rise to the plaintiff's claim by the time the case was "ripe for decision") (citations omitted; emphasis in original); *see also May*, 929 F.3d at 1229 (inmate's failure to exhaust before filing suit not cured by filing amended complaint after exhausting); *Snyder v. Harris*, 406 F. App'x 313, 317 (10th Cir. 2011) ("An inmate is not permitted to complete the administrative exhaustion process *after* he files suit.") (emphasis in original); *Little*, 607 F.3d at 1249 (under the PLRA, "a prisoner must exhaust his administrative remedies *prior* to filing a lawsuit regarding prison conditions in federal court") (emphasis in original); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under [the] PLRA for failure to exhaust his administrative remedies."). Courts in this district have meticulously implemented this pre-filing exhaustion mandate. *See, e.g.*, *Hill v. Ciolli*, No. 23-cv-02539-CNS-KAS, 2024 WL 2749652, at *5 (D. Colo. May 29, 2024); *Nellson v. Barnhart*, No. 20-cv-00756-PAB-NYW, 2020 WL 6204275, at *2 (D. Colo. Oct. 22, 2020); *Susinka v. Trujillo*, No. 19-cv-02190-PAB-MEH, 2020 WL 13849624, at *4 (D. Colo. Aug. 24, 2020), *report and recommendation adopted*, 2020 WL 13849625 (D. Colo. Sept. 22, 2020); *Soto v. Matthews*, No. 18-cv-02319-KMT, 2020 WL 1183365, at *4 (D. Colo. Mar. 12, 2020); *Jones v. Santini*, No. 17-cv-01231-PAB-MEH, 2018 WL 272178, at *4 (D. Colo. Jan. 2, 2018), *report and recommendation adopted*, 2018 WL 1224890 (D. Colo. Mar. 8, 2018); *Williams v. Wilcox*, No. 13-cv-03249-RM-CBS, 2015 WL 4881211, at *3 (D. Colo. Aug. 17, 2015); *Horton v. Davis*, No. 12-cv-00349-REB-BNB, 2013 WL 500482, at *1 (D. Colo. Feb. 11, 2013).

> Importantly, the obligation to strictly adhere to the pre-filing exhaustion requirement may not be discounted as mere form-over-substance, as Mr. Sheldon suggests. As the Supreme Court has emphasized, "the benefits of exhaustion . . . include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219. This court lacks authority to deprive either party of these useful benefits, nor would it be inclined to do so if afforded that discretion.
>
> In sum, Mr. Sheldon indisputably commenced this lawsuit without waiting the required forty days for the General Counsel's response to his appeal. Because Mr. Sheldon is "not permitted to exhaust administrative remedies during the pendency of litigation," *Nellson*, 2020 WL 6204275, at *2, the court finds that he failed to exhaust his administrative remedies prior to filing this lawsuit and that he similarly has failed to sustain his burden of showing that the administrative remedy process was not available to him.

*Sheldon v. Bureau of Prisons*, 2024 WL 3503039, at *10 (D. Colo. 2024), *report and recommendation adopted* 2024 WL 3496826 (D. Colo. 2024).

Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3. Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence. Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice. Plaintiff's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to reconsider (Doc. 25) is **denied.**

**IT IS SO ORDERED**.

**Dated September 5, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**