IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RYAN CHRISTOPHER CHEATHAM,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 25-3091-JWL

**JESSE HOWES, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Although Plaintiff is currently in custody at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), the claims in his Complaint are based on his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On June 27, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause why various claims in his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 18), and on September 2, 2025, the Court entered a Memorandum and Order (Doc. 23) ("M&O"), granting Plaintiff until October 2, 2025, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed in the M&O. On September 5, 2025, the Court entered a Memorandum and Order (Doc. 26) ("M&O II") denying Plaintiff's motion to reconsider the M&O. This matter is before the Court on Plaintiff's Motion for Court to Resend Amended Complaint Attachments and All Exhibits (Doc. 27); Plaintiff's second Motion for Reconsideration (Doc. 29); and Plaintiff's Motion for Extension of Time (Doc. 30).

Plaintiff's motion at Doc. 27 asks the Court to resend his attachments and exhibits to his Amended Complaint, or allow him to file his second amended complaint without resubmitting the attachments/exhibits. Plaintiff alleges that the attachments/exhibits were destroyed when the box was dropped and soap spilled all over his papers. The Court will grant the motion to the extent that Plaintiff is not required to resubmit his attachments and exhibits from his Amended Complaint. The Court will consider the attachments/exhibits as part of any second amended complaint that he files. To the extent Plaintiff raises claims of retaliation in his motion, he should seek administrative remedies for this claim. The Court will also direct the Clerk to send Plaintiff forms and instructions for filing his second amended complaint.

Plaintiff has also filed a second motion for reconsideration (Doc. 29) regarding the Court's September 2, 2025 Memorandum and Order. Plaintiff alleges that the decision was clear error because Plaintiff's response from the Secretary of Corrections ("SOC") was due August 26, 2025, and Plaintiff mistakenly stated that it was due August 27, 2025. (Doc. 29, at 2.) Plaintiff argues that because the SOC did not respond by August 26, Plaintiff's motion seeking leave to amend filed on that date was proper. *Id*. Plaintiff seeks guidance on filing his second amended complaint, and requests video footage from the alleged July 4, 2025 use of force. *Id*. at 3.

Plaintiff's first motion for reconsideration objected to the Court's finding that Plaintiff must fully exhaust his administrative remedies prior to filing an action and argued that he mistakenly stated that the SOC's response was due August 27 instead of August 26. This is the same argument Plaintiff is making in his second motion. Plaintiff also sought the July 4, 2025 video footage in his first motion for reconsideration. The Court denied the first motion, noting that any request for discovery is premature, and that the date for the SOC's response is irrelevant because Plaintiff did not fully exhaust prior to filing his case on May 12, 2025. (Doc. 26, at 2.)

The Court denies the current motion for reconsideration for the same reasons set forth in the Court's Memorandum and Order denying the first motion. *See* Doc. 26.

Plaintiff has also filed a motion seeking an extension of time, arguing that staff at EDCF are withholding his legal mail. (Doc. 30, at 1.) Plaintiff alleges that he did not receive mail from the Court that included forms for filing his second amended complaint. *Id.* Plaintiff alleges that he cannot meet the Court's October 2, 2025 deadline for submitting his second amended complaint. *Id.* Plaintiff asks the Court to send him three sets of § 1983 forms and two forms for filing motions for leave to proceed in forma pauperis. The Court will grant Plaintiff an extension of time and will direct the Clerk to provide Plaintiff with forms.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Court to Resend Amended Complaint Attachments and All Exhibits (Doc. 27) is **granted** to the extent that Plaintiff is not required to resubmit his attachments and exhibits from his Amended Complaint. The Court will consider the attachments/exhibits as part of any second amended complaint that he files.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion for Reconsideration (Doc. 29) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 30) is **granted.** The deadline for Plaintiff to file a complete and proper second amended complaint to cure all the deficiencies noted in the Court's Memorandum and Order at Doc. 23 is extended to **October 17, 2025.**

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff forms for filing a second amended complaint, three sets of § 1983 forms, and two sets of forms for filing motions for leave to proceed in forma pauperis.

**IT IS SO ORDERED**.

**Dated September 29, 2025, in Kansas City, Kansas.**

> <u>S/  John W. Lungstrum</u>
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**