IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,           )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        CASE NO. 5:25-cv-03091-JWL
                                     )
JESSE HOWES, et al.,                 )
                                     )
            Defendants.              )

## AFFIDAVIT OF BRYAN WILSON, MD

Pursuant to 28 U.S.C. 1746, Bryan Wilson, MD states under oath as follows:

1.     I am over eighteen years of age, suffer from no impairment, and am otherwise legally competent to make this Affidavit.

2.     My name is Bryan Wilson, MD. The matters stated in this affidavit are based on my personal knowledge and review of the medical records of inmate Ryan Christopher Cheatham, as maintained by Centurion of Kansas, LLC ("Centurion") as custodian on behalf of the Kansas Department of Correction ("KDOC").

3.     I work for Centurion as a Physician at Lansing Correctional Facility ("LCF").

4.     Centurion is the contracted medical provider of medical and dental services for KDOC facilities and performs its services under the State of Kansas Contract ID 48210 ("Centurion Contract").

5.     I am familiar with the retention of medical records by Centurion and KDOC. The case file, records, and notes for patients, including Mr. Cheatham, contain opinions, acts, and events made at or near the time of entry by a person with knowledge and were made and kept during the regularly conducted business activity by Centurion and KDOC. These records were made in the ordinary course of the provision of health care services to inmates in custody. It was a

1

**Exhibit 12**

regular business activity of Centurion and KDOC to make and keep such records. I am relying on the information contained in Mr. Cheatham's case file, records, and notes in accordance with standard medical health professional practice.

6.    I am aware Mr. Cheatham has made a complaint against LCF staff and correctional officers regarding excessive use of force and alleges that he sustained injuries as a result of the alleged excessive use of force.

7.    The following is a non-exhaustive summary of the care and treatment provided to Mr. Cheatham after March 13, 2025.

8.    On March 13, 2025, Mr. Cheatham had an emergency response nursing visit due to being found unresponsive on the floor of his cell. There is nothing in the records that indicate Mr. Cheatham suffered an arm injury, or complained of any arm injury on this date.

9.    On March 14, 2025, Mr. Cheatham had an Active Therapy visit. There is nothing in the records that indicate Mr. Cheatham complained of an arm injury during this visit.

10.    On March 14, 2025, Mr. Cheatham had a dental exam. There is nothing in the records that indicate Mr. Cheatham complained of an arm injury during this visit.

11.    There is nothing in the medical records that indicate Mr. Cheatham requested medical treatment for any reason or complained of an arm injury on March 15, 2025.

12.    There is nothing in the medical records that indicate Mr. Cheatham requested medical treatment for any reason or complained of an arm injury on March 16, 2025.

13.    There is nothing in the medical records that indicate Mr. Cheatham requested medical treatment for any reason or complained of an arm injury on March 17, 2025.

**Exhibit 12**

14.     On March 18, 2025, Mr. Cheatham turned in a sick call request for an injury to his right wrist as a result of force used by a correctional officer. The sick call request was dated March 14, 2025, but Mr. Cheatham did not turn in the request until March 18, 2025.

15.     Mr. Cheatham should have been aware of the proper procedures for requesting medical care, and he frequently utilizes medical services available to him.

16.     On March 18, 2025, five (5) days after the alleged altercation with correctional officers, was the first time Mr. Cheatham submitted a complaint to the facility regarding his alleged arm injury.

17.     On March 18, 2025, Mr. Cheatham was transferred from LCF to Larned State Correctional Facility.

18.     On March 18, 2025, Mr. Cheatham had a medical consultation due to his facility transfer, which was the first time he mentioned to medical staff that he suffered a right forearm injury due to an altercation with correctional officers at LCF.

19.     On May 21, 2025, Mr. Cheatham underwent an ultrasound of his right upper extremity, which showed normal tissue with no discreet nodules.

20.     On July 22, 2025, Mr. Cheatham underwent an MRI of his right wrist, which showed arthritic changes to his wrist; but there was no acute trauma presented.

21.     There is nothing in the medical records that indicates Mr. Cheatham suffered any fractures to his right wrist or arm, or that he strained or tore any muscles or ligaments in his arm, due to the alleged altercation with correctional officers on March 13, 2025.

Pursuant to 28 U.S.C. § 1746, the above statements are true and based upon my personal knowledge to which I am competent to testify at trial. I declare, certify, verify, and state upon penalty of perjury under the laws of the United States that the foregoing is true and correct.

3

Exhibit 12

FURTHER AFFIANT SAYETH NOT.

_____
Bryan Wilson, MD

Subscribed and sworn to before me this 26 day of January, 2026.

Joseph Schmaltz
NOTARY PUBLIC – STATE OF KANSAS
MY APPT EXP: 9/27/2026

Notary Public

My Appointment Expires: 9/27/2026

4

**Exhibit 12**