IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF KANSAS

| | |
|---|---|
| **RYAN CHRISTOPHER CHEATHAM,** )<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**JESSE HOWES,** *et al.,* )<br>    **Defendants.** ) | Case No. 25-CV-03091-JWL |

## AFFIDAVIT OF JERRY BARTON

I, Nathan Hoag, being of lawful age, make the following declaration pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. My name is Nathan Hoag, a Corrections Officer I for the Kansas Department of Corrections (KDOC) out of Lansing Correctional Facility (LCF) in Lansing, Kansas.

2. I have been employed in the above capacity since OCT 23rd, 2023. I have been employed with KDOC since OCT 23rd, 2023.

3. Additionally, I am part of the LCF Special Operations and Response Team (SORT/SST). As a SORT officer, part of my responsibilities is to respond to unusual incidents, high risk situations, or emergencies. As part of SORT, I am specially trained and equipped to handle such tasks as instances involving use of force contact with residents.

4. In accordance with my duties as both a Corrections Officer I and SORT officer, I apply my knowledge, training and experience in handling contact with incarcerated persons in accordance with the applicable KDOC policies and procedures.

5. I am familiar with the rules, policies, application, and retention of documentation of use of force contact involving residents by KDOC.

**Exhibit 14**

6. The matters stated in this affidavit are based on my personal knowledge and review of the records of offender, Ryan Christopher Cheatham, KDOC #2000064842, as maintained by the Kansas Department of Corrections (KDOC).

7. I am aware that Mr. Cheatham has made a complaint against KDOC, myself, and other staff of KDOC for an alleged excessive use of force by KDOC staff on or about March 13, 2025.

8. I am aware Mr. Cheatham has made these complaints regarding the time he was residing at LCF. I am also aware Mr. Cheatham is now residing at El Dorado Correctional Facility.

9. I do not recall interacting with Mr. Cheatham on or about March 13, 2025. Specifically, I do not recall having participated in any planned or unplanned use of force contact with Mr. Cheatham.

10. Nor do I recall having witnessed other LCF staff having participated in any planned or unplanned use of force contact with Mr. Cheatham or contact resulting in injuries to him on March 13, 2025.

11. I do not recall pulling on Mr. Cheatham's right arm/wrist to the point of breaking or causing deformity on or about March 13, 2025. Additionally, I do not recall hearing him complain to me or others of him having been injured on or after March 13, 2025.

12. Had use of force contact with Mr. Cheatham occurred on or about March 13, 2025, in which an injury resulted; I would have had to document such contact in accordance with the requirements of my position and as required by KDOC policies and procedures.

13. Upon review of my notes and records, I do not have any documentation regarding contact involving use of force or an injury resulting from contact with Mr. Cheatham on or about March 13, 2025.

**Exhibit 14**

14. I can confirm I was working at LCF as a SORT officer on March 13, 2025, from 10:56 a.m. to 9:03 p.m. in the Medium/Max areas, as LCF human resources have confirmed the specific times.

15. I recall having other brief general interactions with Mr. Cheatham in my professional capacity as a Corrections Officer I and SORT officer during his stay at LCF as Mr. Cheatham was frequently on Crisis Level at the Clinic rather than in the cell houses.

16. From my interactions and knowledge of Mr. Cheatham's behavior while he stayed at LCF, he was often aggressive towards staff or would disobey lawful staff orders and was generally difficult to work with.

17. The information provided herein is done so within the scope of the duties of my position of employment with KDOC and not in any personal or non-business capacity.

Pursuant to 28 U.S.C. § 1746, the above statements are true and based upon my personal knowledge to which I am competent to testify at trial. I declare, certify, verify, and state under penalty of perjury under the laws of the United States the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT

_____
Nathan Hoag, Corrections Officer I

1/28/2026
Date