IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RYAN CHRISTOPHER CHEATHAM,<br>    Plaintiff,<br><br>    v.<br><br>JESSE HOWES, et al.  Defendants. | )<br>)<br>)<br>)<br>) CASE<br>) NO. 25-03091-JWL<br>)<br>) |

### AFFIDAVIT OF JEREMY JEWELL

I, Jeremy Jewell, being of lawful age, make the following affidavit pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. My name is Jeremy Jewell, a Physical Plant Supervisor for the Kansas Department of Corrections (KDOC) out of Lansing Correctional Facility (LCF) in Lansing, Kansas.

2. I have been employed in the above capacity since September 2025. I have been employed with KDOC since June 2002.

3. Prior to working as a Physical Plant Supervisor, from April 2022 to August 2025, I acted as the SORT Commander/Use of Force Lieutenant.

4. As part of my duties for the SORT Commander/Use of Force Lieutenant position, I was tasked with the review, retention/ preservation of documentation and corresponding video footage of use of force with residents at LCF.

5. I am familiar with the retention of security video footage by LCF. I am also familiar with the retention of reports and documentation regarding use of force contact with residents which is made and kept as a regularly conducted business activity by LCF. These records were made in the ordinary

Exhibit 15

course of records keeping and documentation of use of force contact with residents by LCF staff. It is a regular business activity of LCF to make and keep such records. I am relying on my personal recollection and the information contained within database systems(s) and in accordance with standard operations of my position.

6. Contact involving use of force and subsequent reporting are conducted in accordance with staff read only Internal Management Policy and Procedure 12-111A at LCF and any other applicable policies and procedures dependent on the facts of the contact.

7. The matters stated in this affidavit are based on my personal knowledge and review of the records of offender, Ryan Christopher Cheatham, 2000064842, as maintained by KDOC.

8. I am aware that Mr. Cheatham has made a complaint against KDOC and other staff of KDOC for alleged excessive use of force by LCF staff on or about March 13, 2025.

9. I became aware of Mr. Cheatham's complaints on or about July 2025, when I was asked to review LCF's records for any documentation and video footage related to his complaints after KDOC received a Court Order to preserve video footage. See attached Exhibit A.

10. Upon reviewing LCF's use of force records, I was unable to locate any documentation or reports of any use of force by staff against Mr. Cheatham on or about March 13, 2025.

11. Additionally, I was unable to find any video footage regarding Mr. Cheatham from March 13, 2025.

12. I personally do not recall having heard of or received documentation about a use of force incident involving Ryan Christopher Cheatham on or about March 13, 2025. Had there been a use of force, I would have been notified and would have had to review the incident and retain any footage associated with the incident per my duties of my position at that time.

13. LCF's retention schedule for video footage is approximately every 60 days. The camera systems retain footage based on the amount of foot traffic it observes. The

**Exhibit 15**

more foot traffic, the more data is made and the shorter length of time the footage is retained due to limited space for footage to be held. Therefore, video footage is accessible and can be preserved within approximately 60 days of the date in question. After the lapse of those 60 days the video footage is no longer available and cannot be located, viewed, saved, or preserved. This is like most common home security recording systems as it prevents excessive retention of digital media, reduces costs, and limits exposure to safety and security breaches.

14. Had I received any requests to preserve the video footage by May 12, 2025 (which is 60 days from March 13, 2025), I likely would have been able to preserve and turn over the video footage. If the alleged incident occurred in a high foot traffic area, the time for preservation would be even shorter.

15. To the best of my knowledge and memory, I did not receive any requests to preserve video footage prior to its May 2025 expiration date.

16. I do not personally know or have met Mr. Cheatham. The information provided herein is done so within the scope of the duties of my position of employment with KDOC and not in any personal or non-business capacity.

Pursuant to 28 U.S.C. § 1746, the above statements are true and based upon my personal knowledge to which I am competent to testify at trial. I declare, certify, verify, and state under penalty of perjury under the laws of the United States the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT

Jeremy Jewell, Physical Plant Supervisor
Kansas Department of Corrections

Date: *[signature]* 1-29-26

Page 2 of 2

Exhibit 15

Case 5:25-cv-03091-JWL     Document 13     Filed 07/22/25     Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    **Plaintiff,**

v.                                                     CASE NO. 25-3091-JWL

JESSE HOWES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Although Plaintiff is currently in custody at the Larned State Correctional Facility in Larned, Kansas, his claims are based on his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On June 27, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") granting Plaintiff until July 28, 2025, in which to show good cause why some of his claims should not be dismissed, or to submit an amended complaint to cure the deficiencies. The Court also found that Plaintiff's excessive force claim based on an incident at LCF on March 13, 2025, was not subject to dismissal at that time. (Doc. 7, at 7.) On July 16, 2025, the Court entered a Memorandum and Order (Doc. 13) ("M&O") granting Plaintiff's motion for an extension of time and extending the deadline to respond to the MOSC and to submit an amended complaint to August 11, 2025. The Court also granted Plaintiff's request to direct the KDOC to retain any video footage from the March 13, 2025 incident at LCF.

This matter is before the Court on Plaintiff's "Motion for Court to Take Notice on Level 2 Grievance Forwarded to Lansing and Possible Additional Time Extension to File Amended Complaint" (Doc. 14); and Plaintiff's "Motion for Clerk to Request A4 Cell House Cameras Video Footage from March 13, 2025, in Lansing Correctional Facility" (Doc. 15).

1

**Exhibit 15**
**Exhibit A**

In his motion at Doc. 14, Plaintiff attaches a copy of a grievance response and indicates that he still needs to follow up with the Secretary of Corrections to complete exhaustion. (Doc. 14, at 1.) Plaintiff then acknowledges the extension of time he received previously and states that he will leave it up to the Court to decide if he should be granted another extension to allow time for him to receive an answer from the Warden and Secretary of Corrections regarding his grievance. *Id.* The Court denies the motion because the Court has already extended Plaintiff's deadline to August 11, 2025. Furthermore, it appears that Plaintiff is attempting to wait to file his amended complaint until after he has fully exhausted his administrative remedies.

The Court noted in the MOSC that an inmate is required by the Prison Litigation Reform Act ("PLRA") to exhaust all available prison administrative remedies *before* filing a complaint in federal court. (Doc. 7, at 20–21.) ""An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). Therefore, any further extension to allow him to exhaust his administrative remedies would be futile. Any unexhausted claim must be pursued by filing an action after he has fully exhausted his administrative remedies for that claim. Plaintiff's motion is denied.

In his motion at Doc. 15, Plaintiff asks the Court to add to its July 16, 2025 M&O a clarification that the video footage to be retained should be from A4 Cell House, and the camera at the top of the yard door by Plaintiff's Cell 122 at around 8:00 pm to 9:45 pm. (Doc. 15, at 1.) The Court will grant this motion to the extent that the Court will direct the Clerk to provide a copy of this Memorandum and Order, which clarifies the relevant location and time, to the LCF warden[1] and to counsel for the Kansas Department of Corrections.

---

[1] It has come to the Court's attention that Jesse Howes is no longer the warden at LCF and Gloria Geither is acting as interim warden.

Exhibit 15
Exhibit A

Case 5:25-cv-03091-JWL    Document 15    Filed 07/22/25    Page 3 of 3

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's "Motion for Court to Take Notice on Level 2 Grievance Forwarded to Lansing and Possible Additional Time Extension to File Amended Complaint" (Doc. 14) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Clerk to Request A4 Cell House Cameras Video Footage from March 13, 2025, in Lansing Correctional Facility" (Doc. 15) is **granted** to the extent that the Court directs the Clerk to provide a copy of this Memorandum and Order to the LCF warden and to counsel for the Kansas Department of Corrections.

**IT IS SO ORDERED**.

Dated July 22, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

Exhibit 15
Exhibit A