# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RYAN CHRISTOPHER CHEATHAM,**<br>Plaintiff,<br><br>v.<br><br>**JESSE HOWES, et al.**<br>Defendants. | )<br>)<br>)<br>)    **CASE NO. 25-03091-JWL**<br>)<br>)<br>) |

## AFFIDAVIT OF DARCIE HOLTHAUS

I, Darcie Holthaus, being of lawful age, make the following declaration pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. My name is Darcie Holthaus, a Corrections Manager II for the Kansas Department of Corrections (KDOC) out of central office in Topeka, Kansas.
2. I have been employed in the above capacity since April 8, 2021. I have been employed with KDOC since March 2, 2020.
3. As part of my duties, I act as the designee for the Secretary of Corrections for the purpose of reviewing resident grievance appeals and personal injury claims from the correctional facilities statewide and for receiving emergency grievances as well.
4. I am familiar with the retention of the above-mentioned records by KDOC. The records and notes for, including grievances and personal injury claims from residents as well as staff responses made at or near the time of entry by a person with knowledge and were made and kept during the regularly conducted business activity by KDOC. These records were made in the ordinary course of the intake of grievances from residents in custody. It is a regular business activity of KDOC to make and keep such records. I am relying on

**Exhibit 16**

my personal recollection and the information contained within the records in accordance with standard operations of my position.

5. The matters stated in this affidavit are based on my personal knowledge and review of the records of offender, Ryan Christopher Cheatham, KDOC #2000064842, as maintained by the Kansas Department of Corrections (KDOC).

6. I am aware Mr. Cheatham has made a complaint against KDOC staff of KDOC for alleged injury from excessive use of force by KDOC staff on or about March 13, 2025.

7. I am aware Mr. Cheatham has made these complaints regarding his time residing at Lansing Correctional Facility (LCF). I am aware he was transferred to Larned State Hospital Correctional Facility (LSHCF) on or about March 18, 2025. I am also aware Mr. Cheatham is now residing at El Dorado Correctional Facility (EDCF).

8. Upon my search of Mr. Cheatham's grievance records, I located the following records of the following relevant grievances: emergency grievance received March 27, 2025, and grievance A 2026-016. Attached hereto as Exhibit 3 – Grievance documentation.

9. After reviewing the grievance documentation in its entirety, it is my opinion that Mr. Cheatham has failed to follow grievance procedures and policies and has failed to exhaust his administrative remedies through the grievance process.

10. On or about March 27, 2025, Topeka Central Office Facility Management received a handwritten emergency grievance from resident Ryan Christopher Cheatham, KDOC #2000064842 (referred to as emergency grievance) addressed to the Secretary of Corrections. This is the first emergency grievance Mr. Cheatham submitted.

11. The first emergency grievance from Mr. Cheatham made various claims and complaints about alleged staff misconduct and violations. One of the allegations being excessive use of force by LCF staff against Mr. Cheatham on March 13, 2025, resulting in injury to his right arm/wrist.

12. Upon review of Mr. Cheatham's first emergency grievance in conjunction with the procedures and requirements established in K.A.R. 44-15-106, I concluded the matters raised in the emergency grievance did not constitute an emergency and need to be addressed in accordance with the general grievance procedures.

13. The issues raised in Mr. Cheatham's emergency grievance do not subject Mr. Cheatham to apparent substantial risk of personal injury or case him other serious and irreparable harm if address in the regular course of a grievance launched pursuant to K.A.R. 44-15-101 and 44-15-102. His grievance was then forwarded to LSCF for further review on or about April 17, 2025.

14. On or about May 17, 2025, Mr. Cheatham writes to staff at LSCF that he just received the invalidated informal emergency grievance back. This appears to be the conclusion of this emergency grievance.

15. I received a second emergency grievance from Mr. Cheatham, which I responded to on or about August 6, 2025. Again, stating he needs to utilize the proper grievance procedure. This would require him to work through unit team through to the LCF Wardens' office and then onto the Secretary of Corrections for non-emergency grievances.

16. At nearly the same time, Grievance A 2026-016 was received and answered to by LCF Acting Warden and Deputy Secretary of Corrections on or about August 8, 2025. This is 2 days since I gave my response to the second emergency grievance. There was not further follow-up or appeal to the Secretary of Corrections for grievances A 2026-016 by Mr. Cheatham. Leading me to believe, Mr. Cheatham did not wait response from the LCF Warden's office for Grievance A 2026-016 before sending his second grievance to the Secretary of Corrections.

Exhibit 16

17. Based on the documentation on his grievances, Mr. Cheatham did not follow the correct/applicable grievance procedure pursuant to K.A.R. 14-15-101, K.A.R. 14-15-101a, K.A.R. 14-15-102.

18. Additionally, I checked to see if Mr. Cheatham may have filed a personal injury claim on the matter instead, I did not locate any personal injury claims for injuries from excessive use of force by LCF staff on or about March 13, 2025.

19. I do not personally know or have met Mr. Cheatham. The information provided herein is done so within the scope of the duties of my position of employment with KDOC and not in any personal or non-business capacity.

Pursuant to 28 U.S.C. § 1746, the above statements are true and based upon my personal knowledge to which I am competent to testify at trial. I declare, certify, verify, and state under penalty of perjury under the laws of the United States the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT

*Darcie Holthaus*            01/29/2026

Darcie Holthaus, Corrections Manager II            Date
Kansas Department of Corrections