IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN CHRISTOPHER CHEATHAM,

    **Plaintiff,**

    v.                                        CASE NO. 25-3091-JWL

JESSE HOWES, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. On February 13, 2026, the Court entered a Memorandum and Order (Doc. 64) ("M&O") granting Defendants until March 13, 2026, to file a dispositive motion on the issue of exhaustion. The Court noted in the M&O that the Court's prior Memorandum and Order directing the KDOC to submit a *Martinez* Report explicitly provides that "[n]o motion or other document addressed to the SAC shall be filed until the Court has reviewed the *Martinez* Report and entered an order screening the SAC." (Doc. 36, at 8.) The Court noted that "[i]n complete disregard for the Court's order, Plaintiff has filed six documents since the *Martinez* Report was filed on January 30, 2026." (Doc. 64, at 2.)

The Court found in the M&O that the issue of Plaintiff's failure to exhaust his available administrative remedies prior to filing his lawsuit must be determined before reaching the merits of his lawsuit, and set a deadline for Defendants to file a dispositive motion on the issue of exhaustion. The Court then ordered Plaintiff to "refrain from filing anything other than a proper response to any dispositive motion that is filed by Defendants." *Id*. at 16. Despite the Court's order in the M&O, Plaintiff has filed seven new pleadings since the Court's M&O was entered on February 13, 2026.

1

**1. Motion and Request to Provide Plaintiff's Affidavit #3 and Plaintiff's Request to Courts to Direct the Kansas Department of Corrections to Produce Inmate Taggart Lee #2000140145 Disciplinary Report (Doc. 65)**

Plaintiff argues that the *Martinez* Report contains misstatements and argues that inmate Lee's disciplinary report will substantiate Plaintiff's claims. (Doc. 65, at 1–2.) Plaintiff claims that he can show that the officers interacted with Plaintiff and Lee on March 13, 2025. *Id*. at 2. Plaintiff's arguments relate to the merits of his claims and are essentially a request for discovery. The Court held in the M&O that this issue of exhaustion must be addressed before the merits. Plaintiff's claims have not passed screening and any request for discovery is premature. The motion is denied.

**2. Motion to Strike Martinez Report, Motion for Sanctions (Doc. 66)**

Plaintiff asks the Court to strike the Report and to impose sanctions based on his objections to the affidavits submitted with the Report. (Doc. 66, at 1.) He claims that they are not based on personal knowledge and contain hearsay. *Id*. Plaintiff's motion addresses the merits of his claims. Plaintiff will be given an opportunity to respond to any dispositive motion that is filed relating to exhaustion. If the case is not dismissed based a failure to exhaust, the Court will address the underlying merits. The motion is denied.

**3. Affidavit #3 by Plaintiff Ryan Christopher Cheatham (Doc. 67)**

Plaintiff has submitted his affidavit relating to the underlying facts in this case. Plaintiff does not seek any relief and therefore the Court will not be taking any action on the affidavit.

**4. Motion and Objection to Judge's Ruling on or About March 12, 2026 (Doc. 68)**

Plaintiff states that he is objecting to the Court's ruling on or about March 12, 2026. (Doc. 68, at 1.) Plaintiff states that he "has not received legal mail to be accurate on date." *Id*. Plaintiff filed the motion on February 18, 2026, so it is unclear how he is objecting to a March 12,

2026 order.

Plaintiff appears to take issue with the Court directing him to refrain from filing motions until the Court reviewed the Report, and telling him again to refrain from filing motions until he responds to any dispositive motion that is filed. Plaintiff argues that the Court knows that there were no administrative remedies available to him. *Id*. Plaintiff should make his arguments related to exhaustion in his response to any dispositive motion that is filed. Plaintiff states that he is filing this objection and requests a change of judge and oral argument. To the extent Plaintiff is seeking a change of judge, the request is denied based on the reasoning set forth below addressing Plaintiff's motion at Doc. 69. Plaintiff's request for oral argument is also denied.

**5. Motion for Change of Judge for Prejudice or Conflict of Interest Pursuant to Rule 28 U.S.C. § 144 or 28 U.S.C. 455 (Doc. 69)**

Plaintiff alleges that the undersigned continues to abuse his discretion by not allowing Plaintiff to object to submitted affidavits and by allowing the Defendants to file a dispositive motion on the issue of exhaustion "when no available remedies existed." (Doc. 69, at 1.) Plaintiff states that he "has reason to believe a bias exist/prejudice." *Id*. at 2. Plaintiff demands a change of judge and oral argument.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff

3

does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual

state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id*. (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous

rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is denied.

**6. Motion to Provide Plaintiff's Proof of Exhausted Administrative Remedies Due to Facility Forcing Plaintiff to Surrender His Property Legal Mail etc. (Doc. 70)**

Plaintiff has submitted exhibits and attachments that he indicates show proof of his exhaustion of administrative remedies. (Doc. 70, at 1.) Plaintiff indicates that he is submitting them out of fear that his evidence will be destroyed. *Id*. He seeks to have the evidence placed on the record. The Court will grant the motion to the extent that the Court will consider the attachments (Doc. 70–1) as part of any response that Plaintiff files to a dispositive motion on the issue of exhaustion.

**7. Motion for Temporary Restraining Order (Doc. 71)**

Plaintiff alleges that he was separated from his cell mate, with whom he had been compatible. (Doc. 71, at 1.) Plaintiff then claims that the administration has been taking personal property from inmates that do not have a cell mate. *Id*. Plaintiff claims that he cannot afford to have his legal mail seized due to his pending lawsuits. *Id*. Plaintiff claims that he is being retaliated against due to his litigation against KDOC facilities. *Id*. Plaintiff requests a TRO "to prevent Plaintiff's property from being taken." *Id*.

"The [C]ourt may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

"Except as to notice and duration, the legal standards governing a temporary restraining order ("TRO") and a preliminary injunction are the same." *Vietti v. Welsh & McGough, PLLC*, 2022 WL 1288314, at *2 (N.D. Okla. April 30, 2022) (citing *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) ("The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order.")). "The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration." *Id*. (citing Fed. R. Civ. P. 65(b)).

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

It is not clear from the motion what form of injunctive relief Plaintiff is seeking. He merely states that he wants the Court to prevent his property from being taken. Regardless, Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of*

*Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Little*, 607 F.3d at 1251 (citation omitted); *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). Plaintiff's civil rights action relates to an allegation of excessive force and is unrelated to the injunctive relief sought.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. The motion is denied.

**8. Future Filings**

Plaintiff should refrain from filing anything other than a proper response to any dispositive motion that is filed by Defendants on the issue of exhaustion, or a motion for an extension of time to file such a response. Any further motions related to the merits of Plaintiff's claims or discovery may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (Docs. 65, 66, 68, 69, and 71) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 70) is **granted** to the extent that the Court will consider the attachments (Doc. 70–1) as part of any response that Plaintiff files to a dispositive motion on the issue of exhaustion.

**IT IS SO ORDERED**.

**Dated February 23, 2026, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**