IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RYAN CHRISTOPHER CHEATHAM, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 25-3091-JWL |
| | ) | |
| JESSE HOWES, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Jerry Barton and Nathan Hoag ("Defendants"), respectfully request, through Assistant Attorney General Davida L. Ogletree, that this Court dismiss the claims against them under Fed. R. Civ. P. 12(b) or grant summary judgment in their favor under Fed. R. Civ. P. 56. Defendants offer the following in support.

**NATURE OF THE CASE**

Plaintiff Ryan Christopher Cheatham, currently housed at El Dorado Correctional Facility (EDCF), has filed a 42 U.S.C. § 1983 complaint based on an underlying grievance alleged on March 13, 2025 while housed at Lansing Correctional Facility (LCF). (Doc. 34) Plaintiff claims to have suffered personal injuries from the alleged use of excessive force by named Defendants, Jerry Barton and Nathan Hoag (Doc. 34.) Plaintiff's complaint was filed on May 12, 2025 after his emergency grievance dated, March 22, 2025 and received March 27, 2025 by Secretary of Correction was denied on March 28, 2025. (Doc. 54-3 at 1-5.) Plaintiff's grievance was forwarded to Larned Correctional Health Facility (LCHF) where he was transferred on or about March 18, 2025 (*Id.* at 5.) Plaintiff was informed his grievance would then be addressed as a "regular grievance" per K.A.R. 44-15-101(d)1) and 44-15-102(b) (*Id.)* In

response to this court's Memorandum and Order to Show Cause (MOSC) filed on June 27, 2025 (Doc. 7), Plaintiff filed a Motion for Leave to Amend his Complaint on July 2, 2025 that was subsequently denied on July 7, 2025. (Doc. 8 and Doc. 9)

This motion is filed in response to the February 13, 2026 Memorandum and Order directing Defendants to address the issue of exhaustion exclusively prior to any meritorious arguments are made (Doc. 64 at 16.) This motion asserts Plaintiff Cheatham did not exhaust all administrative remedies prior to bringing his § 1983 claim. It is a requirement under the Prison Litigation Reform Act (PLRA) that inmates exhaust all available remedies prior to filing any claims under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 520 (2002).

This motion further asserts, failure to exhaust all administrative remedies as an affirmative defense and a Defendant owned burden of proof. *Roberts v. Barreras,* 484 F.3D 1236, 1240-41 (10th Cir. 2007). This motion persuasively argues, that failure to exhaust sustains dismissal per Federal of Civil Procedure 12(b)(6) when the failure is explicitly apparent from the face of the complaint. *Markovich v. Correct Care Sols.*, 406 F. App'x 264, 265 (10th Cir. 2010) (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)). This motion requests a dismissal or summary judgment in the alternative as it presents and argues that Cheatham did not accomplish the KDOC grievance course required before initiating his § 1983 claim.

### STATEMENT OF MATERIAL FACTS AS TO WHICH
### NO GENUINE ISSUE EXISTS

1. On March 22, 2025, Plaintiff sent to the Secretary of Corrections an emergency grievance that was received on March 27, 2025 by Topeka Central Office Facility Management,

(Doc. 54-16 pg. 1.).

2.  The March 22, 2025, grievance contains an accusation that while Plaintiff was housed Lansing Correctional Facility Defendants Barton and Hoag injured Plaintiff's right arm and wrist during an uncuffing through the food port in his cell on March 13, 2025. (Doc. 54-16 pg. 1).

3.  The March 22, 2025, grievance does not contain an accusation that Officer Barton slammed the Plaintiff against the wall. (Doc. 54-16 pgs. 1-4).

4.  On March 28, 2025, Darcie Holthaus, Corrections Manager II with KDOC, who also serves as designee for the Secretary of Corrections sent a reply to Plaintiff stating his grievance does not qualify as an emergency grievance pursuant to K.A.R. 44-15-106 and that she would forward his grievance for facility level process to the Warden at Larned,Correctional Facity where he was then housed. (Doc. 54-16. pg. 5).

5.  On May 17, 2025, Plaintiff wrote to staff at he received the denial of his March 22, 2025 emergency grievance. (Doc. 54-16 ¶ 14).

6.  On May 1, 2024, the Kansas Governor's received a letter from the Plaintiff dated April 24, 2025, alleging several grievances against KDOC, including the allegation that March 13, 2025, black suits pulled his arm and twisted his wrist.  (Doc. 54-4 pgs. 1, 4 and 5).

7.  On May 12, 2025, Plaintiff filed his complaint alleging that on March 13, 2025, Defendants Barton and Hoag injured his arm by pulling it and injured his wrist by twisting it during an uncuffing. (Doc. 1 pg. 2 & 4).

8.  On May 16, 2025, the Kansas Department of Corrections sent a reply communicating there was no record of incident reports, injuries or medical treatment from LCF on March 13, 2025 and that Cheatham should utilize "the informal and formal grievance" with any

additional or further issues (Doc. 54-4 pgs. 7 and 8 ¶ 2 and 3)

9.  On May 1, 2024, the Kansas Governor's received a letter from the Plaintiff dated July 12, 2025, that stated on March 13, 2025, Officer Barton and Hoag violently pulled his arm through a food port. (Doc. 54-4 at 10-11 and 15.)

10. On July 29, 2025, KDOC sent reply to the Plaintiff stating a response to this incident was provided in the May 16, 2025 letter from KDOC. (Doc. 54-4 pg.16 ¶ 3).

11. In his July 2, 2025 motion, Plaintiff requests instruction on exhausting his administrative remedies (Doc. 8.)

12. On August 6, 2025, Darcie Holthaus responded to a second emergency grievance sent to the Secretary of Corrections dated, July 28, 2025, describing a March 13, 2025 allegation that his arm was violently pulled through a hole by Defendants Barton and Hoag. (Doc. 54-3 at 7-8.)

13. Darcie Holthaus, stated in the August 6, 2025, response that he has not "sought assistance of staff at the facility" and the grievance did not qualify as an emergency grievance. (Doc. 54-3 pg. 8 ¶ 2).

14. Darcie Holthaus forwarded the grievance to Warden Easley at Larned State Correctional Facility. (Doc. 54-3 pg. 8).

15. On August 5, 2025, grievance numbered AA 2026-016, dated July 18, 2025 was received by the LCF Warden's office, does not include feedback from the unit, and alleges injuries to his arms and wrist caused by Defendants Barton and Hoag during an uncuffing. (54-3 pg. 9).

16. Grievance AA 2026-016 does not contain an accusation that Officer Barton slammed the Plaintiff against the wall. (Doc. 54-16 pg. 9).

17. On August 13, 2025, Plaintiff sent a letter to Meghan Davis, KDOC Classification and Case Management Administrator, alleging multiple infractions, events, and court filings. (Doc. 54-4 pgs. 17-20).

*Summary Judgment Standard*

When there is no genuine issue of material facts exist, summary judgment is proper and afforded to the moving party as a matter of law. *McCoy v. Meyers,* 887 F.3D 1034, 1044 (10th Cir. 2018) Evidence is considered and conclusions surmised most favorable to the nonmovant. *Id.* "While courts must construe pro se pleadings liberally, pro se plaintiffs may not rely on conclusory allegations to overcome their burden." *Hastings v. Campbell*, 47 F. App'x 559, 560 (10th Cir. 2002) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Information and truths require demonstrative support by use of affidavits, deposition transcripts or incorporated exhibits. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). The nonmovant is prohibited from establishing allegations that explicitly unsupported by the entire record. *Scott v. Harris*, 550 U.S. 372, 378-81 (2007). Veritable authentic issues or material fact disputes require more than a scintilla of existing evidence. The nonmovant must present actual facts to manifest a genuine issue to receive favor from reasonable to a jury. *Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021).

## ARGUMENTS AND AUTHORITIES

### I. PLRA requirements disallow Cheatham's § 1983 claims and provide an affirmative defense.

Although the PLRA does not outline or provide specific administrative remedies, it does have a strict exhaustion requirement that all administrative remedies are completely exhausted prior to filing any 42 U.S.C. § 1983 claims. 42 U.S.C. § 1997. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in

court." *Jones v. Bock,* 549 U.S. 199, 211 (2007). In any suit mandated by the PLRA, a failure to exhaust operates as an affirmative defense the Defendant bears burden of proving. *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007). Although Plaintiffs do not bear the burden of specifically pleading or establishing exhaustion in their complaints, *see Bock*, 549 U.S. at 216, here, there is no indication that Cheatham attempted or sought any informal resolve with his unit team members prior to initiating his emergency grievance sent to the Secretary of Corrections. (Doc. 54-3 at 1-4.)

## A. Exhaustion of administrative remedies is mandatory under the PLRA.

"The PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "An inmate properly exhausts a claim by utilizing each step the prison holds out for resolving the claim internally and by abiding 'with an agency's deadlines and other critical procedural rules.'" *Gray v. Sorrels*, 818 F. App'x 787, 789 (10th Cir. 2020) (quoting *Woodford*, 548 U.S. at 90). "The issue of Plaintiff's failure to exhaust his available administrative remedies before filing his lawsuit must be determined before reaching the merits of his lawsuit." *See Bateast v. Orunsolu*, No. 22-3093-JWL, 2023 WL 3072669, at *5 (D. Kan. Apr. 25, 2023) (citing *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010)).

> For Kansas state prisoners, the administrative remedies require the inmate to seek an informal resolution with personnel who work with the inmate on a daily basis. K.A.R. § 44–15–101(b). If the informal resolution is unsuccessful, the inmate must progress through a three-level process that includes submitting a grievance report form to (1) the appropriate unit team member, (2) the warden of the facility, and (3) the office of the secretary of corrections. K.A.R. § 44–15–101(d). The procedure to follow at each level is described in detail in Kan. Admin. Regs. § 44–15–102; *see also Garza v. Correct Care Solutions*, 2011 WL 2580299, at *2 (D. Kan. 2011), *aff'd* 451 F. App'x 775 (10th Cir.) (granting summary judgment for failure to exhaust claims against Correct Care Solutions where plaintiff failed to allege that he sought relief on his claims first through his unit team, then the warden, and finally from the Secretary of Corrections).

*Kidd v. Baker,* 2022 WL 17485932, at *5 (D. Kan. 2011).

Plaintiff's emergency grievance addressed to the Secretary of Corrections dated, March 22, 2025, receipted March 27, 2025 alleges injures to Plaintiff's arm and wrist by Defendants Barton and Hoag on March 13, 2025. (SOF ¶ 1 & 2). The March 22, 2025, letter is the earliest record of a grievance related to an injury to his arm and wrist. (SOF ¶ 1).

Plaintiff was notified that his grievance was not considered an emergency and would forward to the Warden at LCF for normal process (SOF ¶ 4).) Plaintiff's grievance did not qualify as an emergency grievance under K.A.R. 44-15-106. (SOF ¶ 4). Plaintiff was instructed to follow normal grievance procedures according to K.A.R. 44-15-101 and 14-15-102. (SOF ¶ 43; Doc. 54 at 8.)  K.A.R. 44-15-106 outlines and defines an "emergency grievance" as one that if conducted with normal grievance allotments would cause a substantial risk of personal injury or cause serious and irreparable harm to the inmate.

Plaintiff filed an emergency grievance directly with Secretary of Corrections on two (2) separate occasions, March 22, 2025 and July 28, 2025 alleging injures to his arm caused by Defendants Barton and Hoag on March 13, 2025. (SOF ¶ 2 & 12) The August 6, 2025, response to the second emergency grievance stated it was not a proper emergency grievance. (SOF ¶ 13). The July, 28, 2025, grievance was forwarded to Warden Easley. (SOF ¶ 14).

Plaintiff sent a separate grievance relaying his March 13, 2025 allegations of injuries to his arm and wrist to the LCF Warden that was received on August 5, 2025 (SOF ¶ 15). Plaintiff was notified in writing on March 28, 2025, that his March 22, 2025 grievance did not meet "emergency grievance" standards (SOF ¶ 4) Cheatham's third grievance, dated July 28, 2025 relating to his March 13, 2025 allegations was sent directly to the Secretary of Corrections. (SOF ¶ 15). Cheatham's actions with all grievances do not meet the requirements mandated by K.A.R. 14-15-101, 14-15-102 or 14-15-106.  Cheatham did not wait for a response from his grievance

sent to the LCF Warden, dated July 18, 2025 before sending a separate grievance alleging the same March 13, 2026 events to the Secretary of Corrections on July 28, 2025. (SOF ¶ 12 & 15) Cheatham's grievance dated, July 18, 2025 to the LCF Warden was non-compliant with K.A.R. 44-15-102(c)(4) as there is no proof or indication thereof, that Cheatham sought assistance from his unit team before addressing the Warden. (SOF ¶ 15).)

Inmates have a four (4) step process requirement for filing grievances with KDOC: (1) attempt an informal resolve with unit team staff; (2) transmit their grievance to a pertinent unit team member; (3) transmit their grievance to the warden; and (4) appeal to the Secretary of Corrections. *Lindsey v. Cook*, No. 19-3094-HLT, 2021 WL 483855, at *2 (D. Kan. Feb. 4, 2021); K.A.R. §§ 44-15-101(b), (d), 44-15-102(a)-(c). Here, Plaintiff sent his first grievance dated, March 22, 2025, alleging March 13, 2025 events directly to the Secretary of Corrections, bypassing the first required three steps. (SOF ¶ 1)..  Additionally, Plaintiff has not submitted any grievances alleging that Defendant Barton pushed him against a wall. (SOF ¶ 3 & 16).

**B. None of Cheatham's grievances satisfy the exhaustion requirement under the PLRA for his § 1983 claims.**

"Under the PLRA, a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA"). Although a plaintiff does not carry the burden of explicitly asserting or pleading exhaustion in their complaint, *see Bock*, 549 U.S. at 216, in this matter, Defendants can show that Plaintiff failed to exhaust his administrative remedies. (Doc. 54-16, ¶ 9.)

*1. Grievances*

Plaintiff's initial grievance, dated March 22, 2025, regarding his March 13, 2025,

allegations addressed to the Secretary of Corrections makes no mention of any grievance made with unit team members. (SOF ¶ 4).    Cheatham notified LCF staff in writing on or about May 17, 2025 that he received a denial of his emergency grievance. (SOF ¶ 5; Doc. 54-16 at ¶ 14.) Plaintiff's acknowledged receipt of an invalidated grievance and instead of moving forward with the correct grievance process required by K.A.R. 14-15-101, 14-15-102 or 14-15-106, he filed a § 1983 complaint on May 12, 2025.  (SOF ¶ 7; Doc. 1.)  Plaintiff, by his own admission received notice of his invalidated emergency grievance on May 6, 2025.  (SOF ¶ 11; Doc. 8 at 2.) Cheatham also acknowledges in his motion filed July 2, 2025, that he did not exhaust administrative remedies as required by the PLRA. (SOF ¶ 11; Doc. 8at 1-2.) Cheatham also asks the court for instruction on the exhaustion process after admitting he did not exhaust his administrative remedies (SOF ¶ 11; Doc. 8). Cheatham initiated his grievance on March 22, 2025 by writing to the Secretary of Corrections (SOF ¶ 1; Doc. 54-3 at 1-5.) Submitting a grievance to the Secretary of Corrections is the third of four steps required in completing the grievance process. *See Lindsey*, No. 19-3094-HLT, 2021 WL 483855, at *2 (D. Kan. Feb. 4, 2021); K.A.R. §§ 44-15-101(b), (d), 44-15-102(a)-(c). Cheatham went forward with filing a § 1983 complaint, even after receiving notification from Darcie Holthaus, CMII on March 28, 2025 that his grievance did not qualify as an emergency grievance and would forward to Warden of his then housed facility to process as regular grievance. (SOF ¶ 4; SOF ¶ 8 and Doc. 1.)

On July 18, 2025, Plaintiff sent a second emergency grievance, numbered AA-2026-016, to the LCF Warden relaying the same March 13, 2025 allegations of injuries to his arms and wrist. (SOF ¶ 15; Doc. 54-3 at 9-10; *see also* Doc. 54-16, ¶ 16.)  On August 6, 2025, Darcie Holthaus responded to a third emergency grievance Plaintiff sent on July 28, 2026, relaying the same March 13, 2025 allegations that once again, Plaintiff did not follow grievance procedures

as there was no evidence that he first sought resolve with any unit team staff. (SOF ¶ 13).

Plaintiff sent grievance numbered AA-20126-016, dated July 18, 2025 to the LCF Warden, and

ten (10) days later, sent another grievance dated July 28, 2025 to the Secretary of Corrections.

(SOF ¶ 12 & 15) Plaintiff did not wait for a response from his Grievance, numbered AA-2026-

016 before sending another grievance relaying the same March 13, 2025 allegations. (SOF ¶ 12

& 15).*) Plaintiff received two separate responses from Darice Holthaus that not only did either

grievance not meet emergency grievance requirements according to K.A.R. 44-15-106; but

neither grievance was channeled correctly, as he did not first seek resolve from unit team staff at

his housed facility (SOF ¶ 4 & 13; Doc. 54-3 at 5 and 8.)

Plaintiff did not complete the grievance process for his alleged injuries to his arm and

wrist caused by Defendants Barton and Hoag prior to filing this case, and is thus barred by the

PLRA from undertaking a § 1983 claim. *see Bock*, 549 U.S. at 216. Additionally, Plaintiff never

submitted a grievance for the allegation that Defendant Barton slammed him against a wall.

(SOF ¶ 3 & 16).

*2. Other Writings*

Plaintiff also sent correspondence to Kansas Governor, Laura Kelly, on April 24, 2025

describing, several his March 13, 2025 allegations and several other separate incidents.  (Doc.

SOF ¶ 6; 54-4 at 1-6, 9-12 and 17-20.)  After receiving a response from KDOC's Facility

Management team dated May 16, 2025, informing Cheatham that no record of any incident from

March 13, 2025 was found, Plaintiff sent another letter to the Governor on July 12, 2025

describing the exact same March 13, 2025 allegations.  (SOF ¶ 9).)  Cheatham then responded to

KDOC Classification and Case Management Administrator, Meghan Davis on August 13, 2025,

where he incoherently alleges multiple infractions, events and court filings. (SOF ¶ 17).   These

writings do not constitute accordance with the PLRA requirements of exhaustion as outlined by K.A.R. 14-15-101, 14-15-102 or 14-15-106.

II.    **Cheatham's § 1983 Complaint fails to state a claim upon which relief can be granted.**

Cheatham has not followed correct grievance procedures and has consistently ignored instruction and abused the grievance process.  Cheatham has not followed the proper grievance procedure as required by the PLRA, as he has not exhausted his administrative remedies as proscribed by K.A.R. 14-15-101, 14-15-102 or 14-15-106.  Cheatham's claims should be dismissed under Rule 12(b)(6) or Rule 56.

Defendants request that the Court dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. Alternatively, Defendants request that the Court convert this motion to a motion for summary judgment under Rules 12(b) and 56. This Court should dismiss Plaintiff's § 1983 complaint or grant summary judgment in Defendants' favor.

**CONCLUSION**

WHEREFORE, Defendants request Plaintiff's claims be dismissed for failure to exhaust administrative remedies, and for other such relief the Court deems necessary and proper.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Davida L. Ogletree*
Davida L. Ogletree, KS No. 31004
Assistant Attorney General
James Eric Todd, KS No. 24297
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
Email: davida.ogletree@ag.ks.gov
Email: james.todd@ag.ks.gov
Phone: (785)368-8452
Fax:     (785) 291-3767
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2026, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Victoria L. Waters
Natasha M. Carter
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
victoria.wates@ks.gov
natasha.carter@ks.gov
*Attorneys for Kansas Department of Corrections, Interested Party*


I also certify that a copy will be served on the 13th day of March, 2026, by means of first-class mail, postage prepaid, addressed to:

Ryan Christopher Cheatham #2000064842
El Dorado Correctional Facility
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

*/s/ Davida L. Ogletree*
Davida L. Ogletree
Assistant Attorney General
