IN THE UNITED STATES DISTRICT Court
FOR THE DISTRICT of Kansas

FILED
U.S. District Court
District of Kansas
03/24/2026
Clerk, U.S. District Court
By:_JAL_Deputy Clerk

Ryan Cheatham
    Plaintiff.

V.

Jesse Howes
    Defendants
    et al.

Case No. 25-3091-
-JWL-

Submitted for E-file
3-24-26
1 of 14.

Plaintiffs Response and Opposition
to defendants Motion To DISMISS OR.
IN THE Alternative, FOR Summary
Judgment.

Nature of The Case

Plaintiff Ryan christopher Cheatham, currently
housed at Eldorado Correctional Facility (EDCF)
Filed a "Amended" Complaint "(DOC" 18) and
Second Amended Complaint (Doc. 34) After
the full completion of Exhausting his Administrative
Remedies. Plaintiff was violently pulled through
a food port at the Lansing correctional Facility on
March 13, 2025, by officer Nathan Hoag and
officer Jerry Barton. Plaintiff Now response to
defendants Motion to dismiss and or Alternative
Motion For Summary Judgment.          (1). 1 of 14

STATEMENT OF Plaintiff's Controverting FACTS Of Defendants Showing that Genuine Issues Exists As to Material Facts.

(1.) Plaintiff filed a emergency grievance to the Secretary of Corrections and received a response by "Darcie Holthaus" Stating Plaintiff's emergency grievance was going to be "processed as a regular grievance" See Doc 70, Doc 70-1, Exhibit "A".

(2.) The Emergency grievance was Dated March 28. 2025, showing Holthaus response, However Plaintiff received the document on May 06 2025. SEE bottom page of Exhibit "A" of Doc 70. 70-1, SEE Unit-team porkorski Signature.

(3.) Holthaus Response indicates that that Plaintiff Grievance would be processed and Considered as a "normal Grievance" and was forwarded to the Warden of the facility where Plaintiff was being housed for Review.

(2.)

2 of 14

(4.) Penny Riedal on Exhibit "A" of Doc 70., 70-1, states on Sticky Notes "FOR Shawn "If Mr. Cheatham wants to file a "Paper Grievance" I will forward it to Lansing.

(5.) Shawn Porkorski is a unit-team / was a unit-team Staff at the Larned correctional Facility. See Signature bottom page of "Exh. A" Doc 70, 70'

(6.) On 5-9-25 Plaintiff followed Penny Riedal's instructions to submit a "Paper Grievance" So that she would forward to Lansing. This was not a "emergency grievance" see Exhibit "B" Attachment form 9, and At Doc. 70. 70-1. Plaintiff asking Riedal where was his "Paper form Grievance" and she states "As I discussed with you – my office did not Receive Any grievance from you for (LCF ) (Lansing correctional Facility). "It will be Searched for and I will let you know if it is found by Anyone, in addition to Checking with Case Mgt. Staff.

(3.)
3 of 14

(7.) Plaintiff's Proof of Submitted "Paper form Grievance" to be forward to (LCF.) Lansing Correctional Facility) Exhibit "G" of Doc. 70, 70-1, Grievance Receipt.

(8.) Plaintiff Moves forward to the warden of the facility he was being housed at, as stated by Holthaus in a response in "Exhibit A" Doc 70, 70-1, that the current facility was asked to process grievance and review. SEE Exhibit "E" a grievance receipt showing level "2" to Warden Easley and also see Exhibit "E" letter to Easley Both Exhibits Doc 70, 70-1.

(9.) Riedal attaches Sticky Note on Exhibit "E" and or Exhibit "E" letter to Easley, stating Grievance Forwarded to Lansing on 7-18-25 Contrary To the "STAMP" DATE Aug 05 2025 and Date of final Decesion / Answer 8-8-25

(10.) Plaintiff Ask Penny Riedal when was level "2" Grievance sent to Lansing Correctional on 7-21-25. SEE Exhibit "H" Doc 70, 70-1 (4.) Sticky Note States on 7-18-25.

4 of 14

(11.) Plaintiff Moved Forward with Level "3" Grievance to the Secretary of Corrections on July 28. 2025. See Exhibit "I" form 9 and receipt Doc. 70 70-1.

(12.) Plaintiff did not receive Any Response from Lansing until 8-27-25, See Exhibit "D" unit-team Graham Signature bottom page Please Note This is a Original Document to defendants Exhibit submitted by them in the Martinez Report, There document is a Copy only and doesn't Show date and Signature when plaintiff received it. Plaintiff also can provide another Copy with Graham Signature too.

* (13.) Plaintiff also provides 4 Addition Attachments that show form 9, Questions and responses to Penny redal, that May be duplicates to Doc. 70, 70-1 Exhibits. Plaintiff is Submitting this Motion and unit-teams Have Plaintiff Exhibits. (13.) is Court To take Note.)

(5.)

(14.) Plaintiff at all times followed staffs Instructions as to the Exhaustion of his Administrative Remedies, and or Attempts to Exhaust.

(15.) Plaintiff's efforts to Exhaust Administrative Remedies was thwarted by way of Machination and Mis representation

(16.) Ultimately Plaintiff didn't Have any available Remedies.

(17.) Plaintiff. didn't label Paper form Grievances submitted to be forwarded to lansing as Emergency. See All Exhibits. SEE Declaration of Plaintiff DOC 70-70-1

(18.) Under K.A.R. 44-15-101  44-15-106 States a Prisoner may pursue a grievance through " three levels" of Administrative Review; namely, the Unit-team, the Warden, and the Secretary of Corrections. See 44-15-101, 44-15-106. (Inmate Rulebook of KDOC.)

(6.)

6 of 14.

(19.) Under K.A.R. 44-15-101 - 44-15-106. The regulations provide that if a prisoner does not receive a timely response to a grievance, the prisoner May proceed to the next level of review. Shipman V. Sebelius, NO. CIV A 04-3295-SAC. 2006 WL 2795714, at * 1 (D. Kan. Sept. 27 2006).

Plaintiff hereby Controverts Defendants numbered Material FACTS as listed

#1. Admit

#2. Admit.

#3. Objection irrelevant. Controverted SEE Plaintiffs Declaration in Spp. opp. 3j

#4. Admit

#5. objection irrelevant controverted SEE Plaintiffs contro Material Facts.

#6. Objection irrelevant, not intented as Eaushtion of remedies, See Plaintiffs Declaration in Support of opposition to defendants Motion to dismiss. / Summary judgement

#7. Objection, Fact is not Supported by Admissible Evidence. Plaintiff filed two Amended Complaints / controverted

#8 admitted.

#9. Objection, Fact not Admissible, irrelevant,    (7). 7 of 14

Letter Not Intended for Exhaustion of Remedies, See Plaintiff Dec Declaration. in Support. of opp. to Defendants Motion

(# 9) plaintiff repeats from following page. Controverted Objection, irrelevant Not admissible for evidence, Not intended to Exhaust Admin. Remedys. See plaintiffs Declaration in support of opposition to Defendants Motion to dismiss / summary Judgement

(# 10) objection: irrelevant, evidence not admissible, See plaintiffs Declaration in support, See plaintiffs Controverted Material Facts, Stating Genuine Issue Exsist. Controverted

(# 11.) admit, Objection, Irrelevant, Plaintiff followed Staff's instructions on How to Exhaust Remedies following response from Holthaus, in emergency Grievance. See Exh. "A" of Doc. 70, 70-1. SEE plaintiffs Controverted Material facts, stating Genuine Issues EXSIST. See plaintiff Declaration in support of opp. of Def. Sj motion, and Motion to Dismiss. Controverted

(# 12) Controverted plaintiff didn't submit "Paper Grievance" as emergency. Controverted Plaintiff only sent "paper Grievance" as instructed by penny Riedal to do See Exhibit "A" Sticky Note. Doc 70-70-1 level 1s )

(# 13.) Objection evidence Not Admissible. Controverted, plaintiff didn't Submit Grievance as emergency. Controverted, Grievance came from penny Riedal Not plaintiff, Riedal didn't follow Holthaus Instruction to review and process plaintiffs grievance as Normal Grievance. See Exhibit "A" Doc 70-70-1 response by Holthaus.
Plaintiff's grievances was properly Escalated after No response or as instructed to do (8.)
SEE plaintiffs controverted Material Facts, SEE plaintiff Declaration In support.
8 of 14.

(14.) Objection, evidence Not Admissible, Vague and ambiguous, doesn't Show date of grievance or # of grievance, controverted Plaintiff followed staff's Instructions to submit "paper form Grievance." following response From Holthaus, SEE Exhibit "A" Doc. 70.70-1) Riedal didn't follow Holthaus Instructions, to review and process grievance. futher Riedal Instructed plaintiff to file grievance to send to lansing. SEE Sticky Note Exh. "A" Doc 70.70-1)

(15.) Controverted Grievance was submitted after Emergency Grievance Response and Instructions, following sticky Note to Unit team Shawn porkorski, "FOR Shawn, "If Mr. Cheatham wants to file paper grievance I will Forward to Lansing." Riedal". Plaintiff can't Control Shawns. choice Not to elaborate on Emergency grievance, Shawn porkorski did Sign His name when plaintiff received response SEE Exhibit "A" Doc. 70.70-1) Controverted

(16). Objection Irrelevant, Controverted See plaintiffs Declaration in Support and opp. to Def. Motion for dismiss and SJ )

17. Objection: Not Admissible, Controverted:
letter Not intended to Exhaust Administrative Remedys.
SEE plaintiffs Declaration in support And in opposition
to Def. Motion to dismiss & Summary Judgment Motion
SEE. plaintiffs Controverted Material facts in support.

I. Defendants showing on their Motion
to Dismiss and in alternative Motion
for Summary Judgment are Insufficient

Legal Standard.

In order to obtain Summary Judgment, the
defendants must establish both that there is
no genuine dispute as to any relevant fact
and that they are entitled to Judgment as
a matter of Law. Fed R. Civ. p 56 (a)
Defendants Showing as to these matters are defective
Because :

(1.) Plaintiff's STATEMENt Of Controverting
Facts of Defendants, showing that
Genuine issues Exists. (1-19.)

(2.) Plaintiff's Declaration in Support and in opposition
to Defendants Motion to dismiss and Alternative Motion
for Summary Judgment.

(3.) DOC. 70, 70-1, Exhibits and Attachments
Courts stated it would consider in deciding
plaintiff's Response to Defendants despositive Motion.

(4.) Plaintiff's efforts to Exhaust Administrative Remedies
were thwarted and was not available due to
Machination and, Mis representation by prison
administrators. of the grievance process.

(5.) under K.A.R 44-15-101, 44-15-106.
States a prisoner May pursue a grievance
through "3" levels of Admin. Review not "4"
as stated by Def.

(10.)

10 of 14.

(6.) Darcie Holthaus. told plaintiff that his grievance was being ask to be processed as a normal Grievance by the current facility (Larned Correctional Warden for his review.) Riedal provides Sticky Note to unit-team porkorski, Instructing plaintiff and Him as to plaintiff's next step and options to futher Exhaust his Administrative Remedies.

(7.) Plaintiff properly Controverted Defendants numbered material Facts as listed (1-17.)

(8.) plaintiff can State a claim in which relief can be granted, under Violation of the eighth Amendment Excessive use of force and violation of the cruel and unusual punishment clause. (Plaintiff's Declaration in Support in opposition to Def. Motion to Dismiss & sj Motion.

## II.    Arguments and Authorities

A. Plaintiff Exhausted his Administrative Remedies

plaintiff's Statement of Controverted / Controverting Facts of defendants showing that Genuine issues exists Establish. 1.) plaintiff followed "Penny Riedals" instructions to both plaintiff and unit-team porkorski, Shawn To submit a "Paper form Grievance" not informal Resolution to her.

(2.) Despite Darcie Holthaus request and statement that current Facility was asked to process and review plaintiff's grievance as a normal grievance, Riedal, Opt, And Stated to the Contrary that plaintiff's grievance would be sent Back To Lansing Correctional after Submission Also the only action taken by Shawn porkorski was Him Signing that plaintiff received response on 5-6-25. Penny's Instructions clearly Bypass level "I" procedure, of grievance Exhaustion of remedys.

(11.)
11 of 14.

(3.) After plaintiff followed "Penny Riedal's" Instructions to submit a "Paper Grievance" to her, Plaintiff timely waited for a response and was told "She could locate plaintiffs "paper Grievance" SEE Exhibit "B". DOC. 70, 70-1. And Attachment "B" Exh. to this Motion.

(4.) "Penny Riedal told plaintiff to submit yet another "paper grievance" to be submitted to Lansing Correctional. SEE Exhibit "C" At DOC. 70, 70-1.

(5.) See plaintiff's Exhibit "G", showing receipt of level "1" Grievance sent to Riedal for processing as instructed to do.

(7.) Plaintiff Moved to the next step level "2" to warden Easley since in Holthaus response she stated plaintiff's Grievance would be reviewed by Larned warden. See Also letter to Easley Exhibit "E" doc 70-70-1 and Exhibit "E" letter to Easley. Plaintiff properly followed staffs "Riedals instructions and was given the "run around" as to responses and locations to grievances. plaintiff also believes staff was attempting to falsify documents by Marking Lansing grievance sent on 7-18-25, Contrary to the STAMP date showing Aug 05. 2025, And final Answer 8-8-25. SEE Exhibit "E" & "E" letter to Easley sticky note. plaintiff didn't receive a answer back from Lansing until 8-27-25, unit-team Grahm signs as unit-team porkorski does Bottom page of Exhibit "D" please Note Original, to defendants copy Missing date when plaintiff received final Answer. from Lansing.

(12.)

Plaintiff concludes that "No" Remedies was available to plaintiff and his efforts to properly Exhaust his remedies was thwarted.

B. An administrative remedy is Not available when prison administrators thwart inmates from taking advantage of a grievance process through, Machination, Misrepresentation or intimidation". Ross v. Blake, 578 U.S 632

C. An administrative scheme might be so opaque that it becomes, partically speaking incapable of use. In situations some mechanism exist to provide relief, but no ordinary prisoner can discern or Nevigate it. When rules are so confusing that no reasonable prisoner can use them, then they no longer are available. When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of Exhaustion. But when a remedy is essentially unknowable - so that No ordinary prisoner can make sense of what it demands then it is also unavailable. "Ross v. Blake, 578 U.S 632

Penny Riedal's Instructions was confusing and Mis-leading. in plaintiffs other case, Cheatham v. Easky 5:25-cv-03241-JWL- She explain Her LATE Responses in Martinez Report for plaintiffs other case, this is only Ment for proving issue with Riedal as a Administrator who oversees Grievances.

(13.)

C. Defendants position that K.D.OC. has a 4 level grievance process is <u>incorrect</u> SEE KDOC. Inmate rulebook. under K.A.R 44-15-101, 44-15-106 it clearly States A State prisoner May pursue a grievance through "three levels" of Administrative Review.

-Conclusion- Plaintiff can state a claim upon which relief can be granted for defendants violating plaintiff Eighth Amendment right to be free from cruel and ususual punishments, and for defendants Excessive use of force. Defendants Motion to dismiss under rule 12 (B) Should be denied as plaintiff Exhausted His Administrative Remedies, and No Remedies was available to plaintiff as His efforts was thwarted to exhaust. plaintiff ask that Defendants Motion for Summary judgment Be Denied under Rule 56, as well as plaintiff has shown that there is genuine issue that exsist to Material Fact.

Plaintiff Request any other Relief be granted that this court deems just.

Respectfully
Submitted        2000064842.

(14.)

14 of 14.