In THE UNITED STATES DISTrict COURT

FOR THE DIStrict of kansas

FILED
U.S. District Court
District of Kansas
03/24/2026
Clerk, U.S. District Court
By: JAL Deputy Clerk

Ryan Cheatham
           Plaintiff

           V.

Jesse Howes
      Defendant S
           et al.

5:25-cv-03091-
-JWL

Submitted for E-file
3-23-26
           (1 of 8)

Motion for Judgment on Pleadings
or Alter. MOTION FOR Summary Judgment
By Plaintiff Ryan Cheatham.

Comes now Plaintiff Ryan Cheatham
and hereby moves this Court for Summary
Judgment against the defendants Jerry Barton
and Nathan Hoag in support plaintiff proffers;

STATEMENT OF Uncontroverted FACTS

(1.) On March 13. 2025. Jerry Barton
and officer Nathan Hoag came to A4 cell
house At Lansing Correctional Facility cell 122
and cuffed me and My cellmate Taggart Lee
# 2000140145 up and escorted us Both to the
Shower area located in A4 for a strip search.
See Attachment Exhibit Taggart Lee Disciplinary Report
                                    (1) Of 1 of 8

Also SEE Exhibit Affidavit Taggart Lee; Also SEE Lee's "Complete DR Case 25-797943. Plaintiff asserts this evidence cannot be disputed/controverted.

(2.) That there was proof and evidence that Plaintiff had movement outside his cell "122 in A4 cell house to the shower area to be strip searched. SEE Exhibit Taggart Lee's Disciplinary Report and Exhibit Affidavit Taggart Lee. This Report Substantiates that there was a report that existed, that proves plaintiff had to be cuffed up on March 13.2025 and by officers Barton and Hoag. this report substantiates Plaintiff had interactions with officer Barton and officer Hoag on March 13.2025.

(3.) Plaintiff was hand cuffed and taken to the shower area for a strip-search and upon returning to his cell, he was attempting to give his wrist out the food port to finish being un-cuffed and officer Barton and officer Hoag

(2)

2 of 8

Pulled extremely hard on the free cuff and Twisted My right wrist. See Exhibit Taggart Lee's Affidavit, Also See Plaintiff's Affidavit. Also See Exhibit Taggart Lee's Disciplinary Report Attachment. See also Complete Disciplinary Case 25-797943. Plaintiff asserts this Fact cannot be disputed.

(4.) Defendants deny "Any" interaction with plaintiff on March 13, 2025. See defendants Submitted Affidavits in there response to the "Martinez Report". See Exh. 13 Exh. 14, See Exh. 18. Defendants deny that "any" Reports Existed of any incident of use of force, and any Movement outside of cell "122 of A4 cell house on March 13. 2025.

(5.) Plaintiff's right forearm has a displaced muscle from the top of the food port thats from officers pulling his arm through the food port. Still on 3-20-26 there is a Visible muscle displacement and indention of some sort from the food port. See Exh. Sick-call displaced

(3)

3-of8

muscle", Attachment and Plaintiff's "ultra sound" results from Larned Correctional facility. results showed a "unspecified tissue swellen" of the right forearm."

(6.) Plaintiff Exhausted His Administrative Remedies. See Plaintiff's Exh. A , Exh. B Exh. C , Exh. D (original copy) of defendants Exh. 3 of the Martinez Report. See Exh. "E" Exh. "G" Exh. "I", Exh. E letter to Easley. Exh. "I" (defendants copy No date Exh. 3. See Exh. Exhausted Remedies of DOC. 70].

(7.) I Plaintiff's Attempts to Exhaust his Administrative Remedies was thrawted See Doc. 70] All Exh. And Attachments.

(8.) No Remedys Existed as defendants and Administration denied All interactions with plaintiff on March 13. 2025 with plaintiff and also claimed No Report Existed of Any Movement outside Plaintiff's cell requiring Plaintiff to be cuffed up or any use of force incident taking Place. SEE Affidavits of Jerry Barton, Nathan Hoag, Megan Davis. Lindsey Wildermuth. submitted by Defendants in Martinez Reports.

(8.) Plaintiff Requested 1.5 million in damages. Punitive damages. And Emotional and Mental injury.

(9.) Defendants Cannot rebuttal Any Previous statments of denying any interaction with Plaintiff on March 13. 2025.

(10.) Taggart Lee's official Disciplinary Report, Case 25-797943 Shows Plaintiff's Cell A4 122 at the Lansing Correctional Facility.

(11.) Taggart Lee's official Disciplinary Report Case 25-797943 shows Jerry Barton as the reporting officer on March 13, 2025 and officer Hoag as the witness to the events Alleged that day.

(12.) Taggart Lee's official Disciplinary Report Case 25-797943 shows both residents was taking to the shower area for a Strip Search, as both residents was cell mates on March 13. 2025.

5 of 8    (5).

(13.) "Under 12-103 D" "IMpp"
[SECURITY AND CONTROL]
offender and Facility Searches
It states Any offender who refusing to
be searched may be searched by force and
Shall be subjected to disciplinary action.
On March 13. 2025, Plaintiff did not receive
a Disciplinary Report for refusing a Strip
Search, as Both Lee and Plaintiff was
Searched.

(14.) "Under 12-103 D "IMpp"
(Security and Control) offender and
facility Searches. Per policy and procedure
(1.) Any such strip searches Shall require
the prior approval of the Shift supervisor
or higher authority unless specifically
provided for by post order. (Section grounds for)
                                (Searches.)

(15.) "Under 12-103 D "IMpp"
Security and Control) offender and
facility Searches. Section "strip Searches"
States as Followed. A. Strip searches
of offenders shall be approved by the (6.)

6 of 8

Shift Supervisor or higher authority and Conducted by an officer trained and qualified in Search procedures. AC1-3-4186)

(B.) Whenever possible, Strip Searches shall be witnessed by at least one (1) staff person in addition to the person Conducting the Search. If necessary, the staff person witnessing the search may do so via remote view Camera observation.

(16.) Under 10-102 Impp Special management Residents. PROCEDURES Section. A. (1.) Residents assigned to restrictive housing living units Shall Not be removed from their cells without authorization of the living unit-Supervisor.
(2.) Special management residents Shall be escorted by a minimum of two (2) staff; either two uniformed officers officers or one uniformed officer and one unit team member who has Completed the basic Corrections officer training Course with the Kansas Department of Corrections.

(17.) Under Impp-20-104A, Segregation restrictive housing: Purpose of Administrative restrictive housing And appropriate Placements. Section II.(C.) Restraints are to be utilized during movement that occurs outside a resident's Cell and or unit. 7of8 unless the use of restraints worsens residents condition. (7)

(18.) Defendants violated plaintiffs Eighth Amendment right to be free from Cruel and unusual punishment. See Plaintiffs AFF.

(19.) Defendants subjected plaintiff to a Cruel and unusual punishment. SEE Plaintiffs AFF. SEE Lee's AFF.

(20.) Defendants used Excessive force on Plaintiff by pulling plaintiff hand Cuffed through a food port, that left a indention/muscle displacement on Plaintiff's form. SEE Plaintiff's AFF. SEE Lees AFF. SEE Exh. Sick-call "muscle displacement.

(21.) Defendants twisted plaintiffs right wrist. SEE Plaintiff's AFF. SEE Lees AFF.

Respectfully Submitted

(8).

8 of 8.