**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**FILED**
**U.S. District Court**
**District of Kansas**
03/31/2026
**Clerk, U.S. District Court**
**By:** JAL **Deputy Clerk**

**RYAN CHRISTOPHER CHEATHAM,**

      **Plaintiff,**

      **v.**                        **CASE NO. 25-3091-JWL**

**JESSE HOWES, et al.,**

      **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  The Court has advised Plaintiff on multiple occasions that he should refrain from filing anything other than his response to the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment at Doc. 79. Plaintiff filed his response on March 24, 2026.  (Doc. 87.)  Defendants' reply is due April 7, 2026. *See* D. Kan. Rule 6.1(d)(1) (responses to dispositive motions are due within 21 days after the motions is served and "[r]eplies must be filed within 14 days after the response is served").

The Court has ordered Plaintiff to refrain from filing anything other than his response to the dispositive motion on the issue of exhaustion, advising him that the issue of exhaustion must be addressed prior to the merits of his claims.  Despite the Court's prior orders, Plaintiff continues to file pleadings relating to the merits of his claims.

### 1.  Plaintiff's Second Motion and Permission to Provide Exhibit Lee's Disciplinary Report to Have on Record Follow Any Exhaustion of Remedy Motion by Defendants (Doc. 90)

Plaintiff once again seeks to have Taggart Lee's disciplinary report made part of the record. The Court noted in its March 20, 2026 Order that his prior motion and the attachment (the disciplinary report) "were filed in this case and are part of the docket." (Doc. 84, at 1.)  Not only is this a repetitive request, but it also involves an exhibit that prematurely addresses the merits of

Plaintiff's claims.

Plaintiff then argues that the Court should grant expedited summary judgment because Defendants have no credible rebuttal to his evidence contained in the disciplinary report.  Plaintiff asks the Court to order an expert witness to examine his forearm and to appoint counsel to "handle the complex part of the next stages of this litigation if defendants wish to proceed."  (Doc. 90, at 4–5.)  All of Plaintiff's requests in the motion go to the meris of his claims and are premature.  The motion is denied without prejudice to refiling if this case survives the dispositive motion on the issue of exhaustion.

**2.  Motion to Strike Defendants Affirmative Defense Rule 12(f) (Doc. 91)**

Plaintiff claims that Defendants' motion to dismiss based on the affirmative defense of failure to exhaust his administrative remedies "is insufficient and it cannot succeed as a matter of law."  (Doc. 91, at 2.)  Plaintiff claims that he has responded in opposition and provided proof of exhaustion.  *Id*.  Plaintiff claims the affirmative defense is "insufficient or immaterial and or impertinent."  *Id*. at 3.  This is the issue the Court will address after the time for Defendants to file a reply has passed.  The dispositive motion is not ripe for a decision at this time.  Plaintiff's motion is denied.

**3.  Motion for Judgment on Pleadings or alter, Motion for Summary Judgment (Doc. 92)**

In complete disregard for the Court's prior orders, Plaintiff has filed his own dispositive motion on the merits of his claims.  The motion is denied without prejudice to refiling if this case survives the dispositive motion on the issue of exhaustion.

**4.  Plaintiff's Motion and Proposal to Courts and Defendants to Allow Oral Argument for Deposition [sic] Motion to Dismiss/Summary Judgment and Plaintiff's Motion for Judgment on Pleadings or Alternative Motion for Summary Judgment to Conclude Case (Doc. 93)**

Plaintiff argues that an evidentiary hearing and oral argument would save the Court's time

and resources and finalize this case.  (Doc. 93, at 1.)  The Defendants' motion to dismiss or for summary judgment is not ripe.  The Defendants' reply is due by April 7, 2026.  Plaintiff's motion is denied without prejudice.

**5.  Motion and Notice to Attach Plaintiff's Declaration in Support of Following Motions by Plaintiff (Doc. 94)**

Plaintiff attaches an affidavit in support of his motions at Docs. 91, 92, and 93.   Plaintiff has filed his response to Defendants' dispositive motion and included his declaration in his response.  *See* Docs. 87, 87–1.  Nothing additional is due from Plaintiff at this time.  The motions he seeks to support with his declaration are being denied at this time.  Plaintiff's motion to attach his declaration is denied.

**6.  Future Pleadings**

Plaintiff should refrain from filing any additional pleadings until the Court has entered an order ruling on Defendants' dispositive motion on the issue of exhaustion.   Any additional filings submitted by Plaintiff may be summarily denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (Docs. 91 and 94) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 90, 92, and 93) are **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated March 31, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**