**FILED**
**U.S. District Court**
**District of Kansas**
06/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RYAN CHRISTOPHER CHEATHAM,

      **Plaintiff,**

      v.                     **CASE NO. 25-3091-JWL**

JESSE HOWES, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. The Court has advised Plaintiff on multiple occasions that he should refrain from filing anything other than his response to the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment at Doc. 79. Plaintiff filed his response on March 24, 2026. (Doc. 87.) On March 31, 2026, the Court entered a Memorandum and Order (Doc. 95) denying Plaintiff's motions at Docs. 91 and 94, and denying without prejudice Plaintiff's motions at Docs. 90, 92, and 93. This matter is before the Court on Plaintiff's Objection to the Denial of Docs. 90, 91, 92, 93 and 94 (Doc. 100); Plaintiff's Motion and Objection to Defendants' Motion for Time Extension and Court's Order Granting Defendant an Additional Seven Days to Reply to Plaintiff's Response (Doc. 101); and Plaintiff's Motion and Objection to Defendants' Reply at Doc. 99 (Doc. 102).

**I. Plaintiff's Objection to the Denial of Docs. 90, 91, 92, 93 and 94 (Doc. 100):**

Plaintiff objects to the Court's denial of his motions in the Court's Memorandum and Order at Doc. 95. In his objection, Plaintiff argues that he has a right to move for summary judgment. (Doc. 100, at 1.) Plaintiff's motion at Doc. 92 sought judgment on the pleadings or summary judgment. The Court denied the motion without prejudice to refiling it if the case survives the dispositive motion on the issue of exhaustion. (Doc. 95, at 2.)

1

Plaintiff was advised in previous orders that the issue of his failure to exhaust his administrative remedies prior to filing this action must be determined before reaching the merits of his lawsuit. *See* Doc. 64, at 16; Doc. 72, at 1. Therefore, any motion seeking summary judgment on the merits of his claims is premature. Plaintiff's objection to the denial of his motion for summary judgment is overruled.

Plaintiff fails to address any of the other motions denied in the Court's Memorandum and Order at Doc. 95. He simply states that he "objects to all mentioned denials." (Doc. 100, at 2.) Plaintiff's Objection to the Denial of Docs. 90, 91, 92, 93 and 94 (Doc. 100) is overruled.

**II. Plaintiff's Motion and Objection to Defendants' Motion for Time Extension and Court's Order Granting Defendant an Additional Seven Days to Reply to Plaintiff's Response (Doc. 101):**

Plaintiff takes issue with the Court's grant of additional time for Defendants to reply to Plaintiff's response to their dispositive motion at Doc. 79, arguing that the extension was granted before he had an opportunity to object. (Doc. 101, at 1.) Plaintiff claims that under the Federal Rules of Civil Procedure, he should have been given 21 days to respond to Defendants' motion for extension of time. *Id*. at 2. Plaintiff does not cite to any particular rule.

Rule 6.1 provides that the Court may extend time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Court's Local Rules provide that "[t[he court may decide a motion for extension of time pursuant to D. Kan. Rule 6.1(a) . . . without awaiting further briefing." D. Kan. Rule 6.1(d)(2).

Plaintiff filed his response to Defendants' dispositive motion on March 24, 2026. (Doc. 87.) Therefore, Defendants' reply was due fourteen days later or April 7, 2026. *See* D. Kan

Rule 6.1(d)(1) ("Replies must be filed within 14 days after the response is served."). Defendants' motion seeking an extension of time was timely-filed on April 2, 2026—five days before the deadline. *See* D. Kan. Rule 6.1(a) (motions for an extension of time "must be filed as soon as practicable and in no event less than 3 days before the specified time"). The motion was timely-filed, and granting the seven-day extension of time did not prejudice Plaintiff. This was Defendants' first and only request for an extension of time, and it was based on lead counsel's unexpected illness. *See* Doc. 96, at 1. The Court also granted Plaintiff a seven-day extension of time to respond to the dispositive motion. *See* Doc. 84 (extending the April 3, 2026 deadline for Plaintiff to respond to April 10, 2026). Plaintiff's objection to the Court's grant of a seven-day extension of time to Defendants is overruled.

### III. Plaintiff's Motion and Objection to Defendants' Reply at Doc. 99[1] (Doc. 102):

Plaintiff objects to Defendants' reply to his response to their dispositive motion at Doc. 99, claiming that it was not timely-filed. (Doc. 102, at 1.) Plaintiff claims that the Court's business hours are from 9:00 am until 4:00 pm or 5:00 pm, and that the reply was filed after business hours when staff were no longer there. *Id.* Plaintiff claims that he was told in another case that he must file things during business hours. *Id.* at 2. Plaintiff attaches the Notice of Electronic Filing showing that the Reply at Doc. 99 was filed at 5:04 pm. (Doc. 102–1.)

Defendants have filed a response, noting that:

> Pursuant to Federal Rule of Civil Procedure 6(a)(4) regarding the Computing and Extending Time; Time for Motion Papers: *"Last Day" Defined.* Unless a different time is set by a statute, local rule or court order, the last day ends: (A) for electronic filing at midnight

---

[1] The Court notes that Defendants filed their reply (Doc. 98) on April 14, 2026, at 5:00 pm through the Court's electronic filing system. A duplicate reply (Doc. 99) was filed electronically four minutes later. The Court has noted on the docket that Doc. 99 is a duplicate of Doc. 98. Because the parties refer to the reply as "Doc. 99" the Court will likewise reference Doc. 99.

in the court's time zone; and (B) for filing by other means, when the clerk's office is scheduled to close." Defendants filed a timely response via electronic filing before, "midnight in the court's time zone." Fed. R. Civ. P. 6(a)(4)(A) and paragraph 6(a)(4)(B) does not apply in this circumstance. Defendants timely filed their Reply and it should be considered by the Court in its deliberation of Defendants['] Motion to Dismiss. (Doc. 79).

(Doc. 103, at 1.)  Plaintiff filed a response (Doc. 104) claiming that Defendants' responses are all late because they were submitted after business hours.

Plaintiff's objection is overruled.  The Defendants filed their reply—as well as other responses—via electronic filing and therefore had up until midnight of the due date to file.

**4.  Future Pleadings**

Plaintiff should refrain from filing any additional pleadings until the Court has entered an order ruling on Defendants' dispositive motion on the issue of exhaustion.  The motion is fully briefed and no other pleadings are required or allowed.  Any additional filings submitted by Plaintiff may be summarily denied.

**IT IS THEREFORE ORDERED** that Plaintiff's objections (Docs. 100, 101 and 102) are **overruled.**

**IT IS SO ORDERED**.

**Dated June 9, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
